NEFF, *Appellant*, v. GREENE COUNTY NATIONAL BANK.

**Bank** : TRANSFER OF DEPOSIT. Where one deposits money in bank, but on the same day and before the deposit is placed on the books of the bank to his credit, he directs the cashier to change the deposit to the credit of another, which is done, and the money drawn out on the checks of the latter, the former cannot recover from the bank the amount deposited, notwithstanding the custom of the bank in paying out money only on checks.

*Appeal from Greene Circuit Court.*—HON. W. F. GEY-GER, Judge.

AFFIRMED.

*C. V. Buckley* for appellant.

(1)   Defendant's failure for two terms to make any defence was punishable negligence, and the court should

have granted the judgment prayed for by appellant. The provisions of the statute are mandatory. R. S., sec. 3675 ; *Edwards v. Watkins*, 17 Mo. 273. (2) The court should have allowed an examination of the jury as to their relationship to defendant. A corporation is its stockholders and officers. R. S., sec. 2796 ; Angell & Ames on Corp. [8 Ed.] 21. (3) Evidence of a partner- ship between appellant and Spillman was improper. (4) The second instruction given for respondent is im- proper. An instruction without evidence is erroneous, even though abstractly correct. *Franz v. Hilterbrand*, 45 Mo. 121 ; *Ewing v. Goss*, 41 Mo. 492. (5) The in- structions marked one, two, and three, in the abstract of the record should have been given, because the cus- tom of banks in having deposits drawn out or changed was in evidence, and a party has a right to instructions on all his evidence. Sackett on Juries, 16. Such a cus- tom is admissible, because it was the presumed contract of appellant and respondent at the time the deposit was made. 2 Parsons on Cont., 535, *et seq.;* Sackett on Juries, 98 ; Brown on Usages and Customs, 110 to 113. Pay- ment is an affirmative issue and the burden is on the party relying on it, and if respondent desired to dis- charge himself from returning the deposit by showing payment, either to appellant or any one else, the burden was on respondent to so show. 2 Greenl. on Evidence [10 Ed.] sec 516, p. 462 ; *Deland v. Bank*, 20 C. L. J. 194. (6) There is no issue made by the pleadings that will support the verdict. The answer is a general denial and no evidence was given by defendant in support of his plea, but it all went to show payment which is not supportive of the issue under the code, and verdict should have been set aside. Green's Pleading and Practice, secs. 778, 788 ; *Kiskaddon v. Jones*, 63 Mo. 190 ; *Ely v. Railroad*, 77 Mo. 34 ; *Weil v. Posten*, 77 Mo. 284 ; *Maffatt v. Conklin*, 35 Mo. 453 ; *Bank v. Murdock*, 62 Mo. 73 ; *Price v. Railroad*, 72 Mo. 414.

*C. B. McAfee* for respondent.

The evidence as to the partnership between appellant and Spillman was competent. The deposit never went on the books of the bank to Neff's credit, and Neff is the one who prevented it. He first directed the deposit to his own credit and then changed it to Spillman, and the deposit was not made to Neff, and Neff now complains that the bank did not require him to give Spillman a check and do business according to custom. The defendant did not prove or try to prove that it had paid Neff the one thousand dollars. It denied by its answer that Neff made such a deposit. Neff knew all the circumstances, and he could not be misled by the pleadings. There is no merit in appellant's appeal. The judgment should be affirmed under section 3775, even if there were a multitude of technical errors. *Miller v. Newman*, 41 Mo. 509; *Hunter v. Miller*, 36 Mo. 143; *Orth v. Dorschlein*, 32 Mo. 366.

NORTON, J.—This suit was instituted in the Greene county circuit court to recover the sum of one thousand dollars, which plaintiff alleged in his petition he had deposited in defendant bank, payment of which had been refused him, on his demand. The answer was a general denial. On the trial judgment was rendered for the defendant from which the plaintiff has appealed to this court.

Plaintiff was introduced as a witness on his own behalf, and his evidence tended to show that on the eighteenth day of November, 1880, he deposited in the bank one thousand dollars, which was received by the cashier; that he did not attempt to draw said deposit till in August, 1882, when he drew a check for the amount, which was presented by F. S. Heffernan and payment refused; that he was not in partnership with W. K. Spillman,

and never told any one that he was ; that he did not, on the day of the deposit or afterwards, have the deposit changed from his credit to Spillman's, and never told Shephard, the cashier, that the railroad company recognized Spillman alone in the contract, and directed him to change the deposit to Spillman's credit. The only other evidence offered by plaintiff was the deposit book, given him by the cashier, showing a credit of one thousand dollars, and evidence to the effect that it was the custom of banks to require checks to be drawn, to draw out money deposited, even when payable to the depositor himself. The defendant introduced Shephard, the cashier, and Porter, a clerk, of the bank, whose evidence tended to show that on the eighteenth day of November, 1880, plaintiff deposited in the bank, one thousand dollars, which he placed as a credit on the deposit book which he gave plaintiff; that on the same day and a very short time after the deposit was made, plaintiff, in company with W. K. Spillman, appeared at the bank and stated to the cashier that, as a railroad contract required Spillman to deposit one thousand dollars, the deposit in his name was not a compliance with the contract, and directed Shephard, the cashier, to change the deposit from plaintiff to the credit of W. K. Spillman, which he did ; that the one thousand dollars never went on the books of the bank to plaintiff's credit because of the change thus made, and that the whole of said sum had been drawn out on Spillman's checks. The evidence of two other witnesses introduced by defendant tended to show that plaintiff had frequently told them he was in partnership with Spillman in the railroad contract, and one of them testified that in 1882 he aided in making a settlement between plaintiff and Spillman concerning work on the railroad, in which the one thousand dollars deposited in bank was taken into account and settled ; that the settlement was a final settlement.

The evidence of these two witnesses was received

over plaintiff's objection, and, we think, properly, if for no other reason than to rebut what plaintiff, when on the stand, had testified to, viz: that he was never in partnership with Spillman, had never told any one that he was, and had never directed the deposit of one thousand dollars to be changed and placed to the credit of Spillman. On the state of facts disclosed by the evidence the court instructed the jury to the effect that if plaintiff made the deposit of one thousand dollars, he was entitled to recover, unless they believed that he directed the deposit to be changed from his credit to that of Spillman, and that such change was made; and that the custom of banks had nothing to do with the case, if the jury believed that the deposit was, in fact, changed from plaintiff's credit to Spillman's by plaintiff's direction. The case was put to the jury on the proper theory, and the instructions asked by plaintiff to the effect that the custom of the bank in paying out money only on checks was to be considered in *connection with all the other facts*, *in favor of such sum not* having been drawn out by plaintiff, and as a *strong* circumstance going to show that it had not been paid, were, besides being a commentary on the evidence, misleading, and, therefore, properly refused.

While counsel make the points in their brief, that the court erred in refusing to enter up judgment by default, and in refusing to allow the jurors to be examined as to their relationship with the stockholders of the bank, we cannot consider them for the reason that the record before us does not show that any question whatever was propounded to the jurors or any of them, or that the court refused to allow any such question to be asked or answered; nor does it show that any motion for judgment by default was ever made, and overruled by the court, but on the contrary, it does show that an answer was filed and that the parties proceeded to trial without any objection appearing to have been made that it was not filed in time.

We perceive nothing in the record justifying an interference with the judgment, and it is hereby affirmed, with the concurrence of the other judges.