MISSOURI PACIFIC RAILWAY COMPANY v. H. G. WHIPSKER.

No. 6551.

1.  **Current Wages—Garnishment.**—A garnishee indebted to a defendant for current wages will not be protected by a judgment against him when he fails to state in his answer the facts which show the exemption.

2.  **Answer of Garnishee.**—It is not intended that the garnishee should confine himself to the literal directions of the statute when he knows that the debt or property sought to be reached was exempt.

3.  **Judgment Against Garnishee not Conclusive as to Exempt Property.**— It was not the intention of the Legislature that the defendant should be concluded by a judgment against a garnishee who failed to disclose the facts showing the exemption of the fund or property sought to be reached, when the defendant had not been cited nor has voluntarily appeared for purpose of protecting his rights.

4.  **Practice in Garnishment.**—It would be proper practice for the garnishee, after disclosing the facts which show the exemption, to have the defendant cited, to the end that he should make his own defense.

ERROR from Bexar.    Tried below before Hon. G. H. Noonan.
The opinion states the case.

*Carr & Lewis*, for plaintiff in error.—1.    The garnishee proceeding is ancillary to the original suit, and the defendant in error having been personally served therein was charged with notice of all the garnishee

proceedings to enforce the judgment rendered in the original suit.    It is merely another mode of levying the execution when there is no tangible property within reach of an ordinary levy.    City of Austin v. Erwin, 2 Wills., sec. 290; 1 Wade on Att., sec. 41.

2.    The right of exemption of current wages for personal services from garnishment is a personal privilege of the defendant in the original suit, and he has the right to appear in the garnishee suit and contest the answer of the garnishee so as to make it appear on the trial in the garnishee proceeding that the debt was for current wages, and it was his and not the garnishee's duty to claim his right of exemption in the garnishee suit if he desired to save that right; and having failed or neglected it there he can not now attack the garnishee judgment collaterally.

Right to contest.    Rev. Stats., art. 212.

When and where it must appear that the debt is for current wages. Rev. Stats., art. 218.

Manner of contest.    Rev. Stats., art. 211; Osborne v. Schutt, 67 Mo., 712.

3.    The statute prescribes what answers the garnishee is required to make to the writ of garnishment.    The garnishee is not required to plead the privilege of exemption of current wages for the defendant or assume the responsibility of contesting an issue on that point.    Rev. Stats., arts. 186, 188, 192; La Londe v. Ins. Co., 2 Wills., sec. 55; Davis & Bro. v. McComack & Co., 2 Wills., sec. 628; 2 Wade on Att., secs. 373, 401; Osborne v. Schutt, 67 Mo., 712.

4.    When the garnishee has fully answered all he is required by the statute to answer, and upon such answer a judgment in a court of competent jurisdiction has been rendered against the garnishee, which judgment he has paid, he is entitled to have the amount so paid credited upon his debt to the defendant.    Rev. Stats., art. 220; La Londe v. Ins. Co., 2 Wills., sec. 55.

5.    All intendments and presumptions are in favor of the court's jurisdiction and of the regularity of the proceedings in any adjudicated case. Dwyer v. Bassett, 63 Texas, 274; Menifee v. Hamilton, 32 Texas, 514; Alexander v. Maverick, 18 Texas, 179; Murchison v. White, 54 Texas, 82; Rutherford v. Stamper, 60 Texas, 450.

*T. G. Pray,* for defendant in error. — It can not be made to legally or sufficiently appear from the face of proceedings void for want of jurisdiction that the exemption was not claimed, that the indebtedness was not for personal services, or that the garnishee judgment was paid by plaintiff.    In fact, the exemption need not be claimed; it is saved to the party by the Constitution.

What the docket of a justice of the peace shall contain.    Rev. Stats., art. 1550.

Garnishee judgment must show jurisdiction upon its face.    Cowan v.

Nixon, 28 Texas, 230; Love v. McIntyre, 3 Texas, 10; Guilford v. Love, 49 Texas, 715; 5 Wend., 293; 1 Doug., 384, 387.

May inquire into validity and conclusiveness of judgment that they are void upon the face for want of jurisdiction. 1 Texas, 392, 466; 13 Texas, 293; 15 Texas, 500; 21 Texas, 567; 24 Texas, 465; 49 Texas, 715; 50 Texas, 175, 264; 51 Texas, 336–38; 53 Texas, 449, 479.

Can not impeach judgment by evidence *dehors* the record. Maverick v. Salinas, 15 Texas, 57; 5 Wend., 293; 1 Doug., 384, 388.

Current wages for personal services not subject to garnishment. Const., art. 16, sec. 28; Rev. Stats., art. 218.

When defendant does not disclose in full, judgment no protection. Drake on Att., secs. 645–49.

No paper considered on file unless endorsed "filed." Rev. Stats., art. 1445.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the defendant in error against plaintiff in error to recover a balance due him for services as a brakeman. The defendant company answered among other things that in a certain suit in which this plaintiff was defendant a writ of garnishment had been served upon it, and that upon the coming in of its answer a judgment had been rendered against it, which it had paid. A transcript of the proceedings in the garnishment suit was introduced in evidence by the defendant upon the trial. They showed that the defendant company answered that it was indebted to this plaintiff, but did not show that the answer disclosed that the indebtedness was for current wages. The court held that the judgment in the garnishment proceedings and its payment by the defendant company did not diminish the liability of the company to the plaintiff in this suit, and gave judgment accordingly. The ruling of the court in that particular is here assigned as error.

Our statutes provide "that no current wages for personal service shall be subject to garnishment, and where it appears upon the trial that the garnishee is indebted to the defendant for such current wages the garnishee shall nevertheless be discharged as to such indebtedness." Rev. Stats., art. 218. The question then is, will the garnishee who is indebted to the defendant in the suit for current wages be protected by a judgment against him when he fails to state in his answer the facts which show the exemption? We think this question must be answered in the negative. The garnishment proceeding is ancillary to the main suit, and to it the defendant in the principal action is not a party. He is not required to be served with notice of either the issuing or the service of the writ of garnishment. It is true that our statutes, literally construed, require the garnishee to answer only whether or not he is indebted to defendant, and whether or not he has any effects of the defendant in his possession, and

does not in terms direct that he shall say whether such indebtedness or such effects are exempt from a forced appropriation to the payment of debts or not. Rev. Stats., arts. 188, 199. The statutes of some of the States require him to answer only as to debts or property not exempt. We think, however, that since the defendant is not required by the statute to have notice of the service of the writ, that it was not intended that the garnishee should in his answer confine himself to the literal directions of the statute when he knows that the debt or property is exempt. Such a rule would place it in the power of the garnishee in many cases to deprive the defendant of the exemption which the law affords him. The garnishment may issue after judgment; and even when it is issued before, the defendant may remain ignorant of the fact unless he sees proper to defend the principal suit. If after service of citation he determines not to defend, he may expect a judgment to be rendered against him and execution to issue; but we know of no rule which requires him to take notice of any ancillary proceedings. If he fails to appear and the plaintiff amends the statement of his demand so as to show a cause of action materially different, he must have notice. For this reason we can not think that it was the intention of the Legislature that he should be concluded by the judgment in the garnishment proceeding when the garnishee has failed to disclose the facts showing the exemption, and when he has not been formally cited to appear and has not voluntarily appeared for the purpose of maintaining his right.

This ruling we think in accordance with the great weight of authority in the courts of other States. The statute of Maine provides "that no person shall be adjudged trustee by reason of any amount due from him to the principal defendant as wages for his personal labor for a term not exceeding one month." In construing that statute the Supreme Court of that State says: "The statute secures to the laborer his claim of payment for one month's labor and places it beyond the reach of his creditors, and his debtor can not deprive him of it by his neglect to disclose the whole matter when summoned as his trustee." Lach v. Johnson, 36 Me., 464. The following authorities are to the same effect: Railway v. Ragland, 84 Ill., 375; Winterfield v. Railway, 29 Wis., 589; Daniels v. Man, 75 Me., 397; Jones v. Tracy, 75 Pa. St., 417.

The case before us illustrates the injustice of a contrary doctrine. The suit in which the writ of garnishment was sued out was brought June 25, 1886, in a Justice Court of Williamson County. The writ of garnishment was issued, was served, and was answered by the garnishee on the same day the suit was instituted. The citation for the defendant to Williamson County was returned not found, when an alias issued to Bexar County and was served upon him. He made default. There is nothing in the record to indicate that he ever had any reason to suspect that a garnishment had issued to subject his wages to the payment of the debt.

In saying that the defendant in the princial suit is not a party to the garnishment proceeding, we do not wish to be understood as holding that he has not the right to appear in a case like this, and to make his own defense. On the contrary, our statutes expressly permit this. Rev. Stats., art. 212. What we do mean to say is, that he is not to be held to have constructive notice of the garnishment proceeding.

We will say in addition, that in every case of this character it would be a proper practice for the garnishee, after disclosing the facts which show the exemption, to have the defendant cited, to the end that he should make his own defense. Iglehart v. Moore, 21 Texas, 501. The parties at interest will then have the burden of the litigation, and upon the trial the garnishee will be entitled to recover his costs and a reasonable attorney fee for his answer. This certanily should be the practice when the fact of the exemption is contested by the plaintiff, or when the garnishee is in doubt as to the facts. Such a rule affords ample protection to all parties.

The judgment is affirmed.

*Affirmed.*

Delivered April 15, 1890.