Silisbee State Bank, Garnishee, v. French Market Grocery Company.

No. 2062. Decided December 14, 1910.

**1.—Garnishment—Bank—Deposit—Agent—Burden of Proof.**

A deposit in a bank to the credit of the depositor as "Agent" leaves him in full possession and control of the money deposited, and furnishes prima facie evidence of title in him, which is not destroyed, as against a garnishment by his creditor, by his mere declaration, by the form of the deposit, that he holds it as agent for an undisclosed principal. (Pp. 630, 631.)

**2.—Same—Case Stated.**

A bank, garnished by a judgment creditor of R. M., held money on deposit to the credit of "R. M., Agent." No evidence as to the ownership of the money was introduced on the trial of the garnishment proceedings except the testimony of the president of the bank that it held such deposit when the writ was served and subsequently paid it out on checks drawn by "R. M., Agent." Held, that the garnishee was liable; prima facie the deposit belonged to R. M.; the burden was on the garnishee to show that the ownership was in another. (Pp. 630, 631.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from the County Court of Jefferson County.

*E. E. Easterling* and *J. D. Martin,* for appellant.—The deposit of $715.80 was in the name of Ray Miller, Agent, and before the plaintiff could recover it would have to discharge the burden of showing that said deposit was in fact the property of Ray Miller, and that the bank had knowledge thereof, and knew that Ray Miller had not deposited the same as the agent of some unknown principal, as was evidenced by the deposit, but for his own benefit, when the writ of garnishment was served on it. Ellison v. Tuttle, 26 Texas, 283; East Line R. R. Co. v. Terry, 50 Texas, 135; Galveston, H. & S. A. Ry. Co. v. McDonald, 53 Texas, 516; National Bank v. Insurance Co., 104 U. S., 694; Foley v. Hill, 2 House of Lords Cases, 28; Bank of Northern Liberties v. Jones, 42 Pa. St., 536; State National Bank v. Reilley, 124 Ill., 464; Chosen Freeholder v. Newark City Bank, 48 N. J. Eq., 51; Munnerlin v. Augusta Savings Bank, 30 Am. St. Rep., 159; Hemphill v. Yerkes, 19 Am. St. Rep., 607.

*Blain & Howth,* for appellee.—Where money is deposited by a debtor with the suffix "agent" after his name, and no principal disclosed, the relation of debtor and creditor exists between the bank and the debtor, and the account is subject to garnishment by a creditor of the depositor. Shin on Attachment and Garnishment, sec. 580; Randall v. Way, 111 Mass., 506; Proctor v. Greene, 14 Rhode Island, 42; Cowell v. Colorado Springs Co., 100 U. S., 55; Swartwout v. Bank, 5 Denio, 555; Jackson v. Bank of U. S., 10 Barr, 61; Laubach v. Leibert, 87 Pa., 55; Lossey v. Church, 4 Watts & Serg., 246; Tryon v. Oxley, 3 Green, 292; Bickford v. Bank, 42 Ill., 245.

Mr. Justice Williams delivered the opinion of the court.

Certified questions from the Court of Civil Appeals for the First District, as follows:

"This is an appeal from a judgment of the County Court against appellant in a garnishment proceeding.

"The facts are, briefly, as follows:

"The French Market Grocery Co., judgment creditor of Ray Miller sued out a writ of garnishment on the judgment against Silsbee State Bank, which was, on October 19, 1906, duly served upon the bank. Some time prior to this date Ray Miller had deposited with said bank certain money to the credit of "Ray Miller, Agent," and at the time of the service of the writ of garnishment there was a balance in the bank to the credit of this deposit sufficient to pay appellees' debt. On the same day of the service of the writ, and after it had been served, this balance was paid out by the bank on the check, or checks, of "Ray Miller, Agent."

"The garnishee answered fully under oath denying any indebtedness to Ray Miller. The answer was in the usual statutory form. The French Market Grocery Co. filed its contest of the garnishee's answer under oath.

"Upon this state of the pleadings the only evidence offered was that of the president of the bank, in substance, showing the deposit of the money to the credit of "Ray Miller Agent," and the payment of it on his check, as agent, after the service of the writ of garnishment as hereinabove set out.

"Upon this evidence the County Court rendered judgment against the garnishee, which judgment was reversed by this court, which held that the money in the bank to the credit of "Ray Miller Agent" was *prima facie* the property of some undisclosed principal, and not subject to his debt, and that the burden was upon the plaintiff in the garnishment proceeding to rebut this *prima facie* case by evidence showing that the money was in fact the property of Ray Miller.

"Upon this holding we reversed the judgment and remanded the cause.

"Upon motion for rehearing we are in doubt as to the correctness of our holding, and as no appeal lies from our decision we have thought it proper to certify to your Honorable Court the following question:

"Q.  Were we correct in our holding?"

The holding which the question asks us to review is stated to be "that the money in the bank to the credit of 'Ray Miller Agent' was, *prima facie,* the property of some undisclosed principal, and not subject to his debt, and that the burden was on the plaintiff in the garnishment proceeding to rebut this prima facie case by evidence showing that the money was in fact the property of Ray Miller." It is evident that all this rests upon the inference drawn by the court from the form in which the deposit was made and stated. Our first impressions agreed with the opinion of the Court of Civil Appeals, but reflection and investigation have brought us to the conclusion that a negative answer should be given to the question. The authorities more nearly in point are in line with this conclusion but their treatment of the subject has not been found entirely satisfactory

to us. Proctor v. Green, 14 Rhode Island, 42; Randall v. Way, 111 Mass., 506; Laubach v. Leibert, 87 Pa., 62.

We shall therefore state the reasons that to our minds seem controlling.

It is beyond question that a bank receiving a deposit, made as this one was, becomes bound and therefore entitled, to treat the depositor as owner of the fund and to honor and pay his checks properly drawn, without concerning itself with any question as to the ultimate ownership, or as to the application made or to be made of the money drawn out. This doctrine has been stated with a discussion of the authorities in the following cases. National Bank v. Claxton, 97 Texas, 576, 577; Coleman v. Bank, 94 Texas, 605.

This is true regardless of the question whether the depositor is the owner in the fullest sense or had only the legal control, as agent, over money really belonging to others. We do not think, therefore, that it is true as broadly as it is laid down by some writers, that a garnishing creditor of the depositor is substituted in his stead and can reach the deposit merely because the bank was bound to treat him as owner. The depositor controls the fund whether he is the true owner or not. The garnishing creditor can reach it only in case he is the true owner. Even the bank, in some transactions, deals with him as owner at its peril; for if it apply the fund to its own benefit under his authority, when it belongs to others, it is held accountable to them because the form in which such deposits are made is held sufficient to excite inquiry. The solution of the question therefore is not to be found in an analysis of the legal relation between banker and depositor, but must be reached by determining the probative force of the facts shown. That which is decisive in our judgment is that the depositor is found in the full possession and control of the money deposited. This is *prima facie* evidence of title unless its effect as such is destroyed by his profession that he holds as agent, with nothing more to indicate the existence of a principal. A possession really held as agent is that of a principal. To whom could this possession be attributed but to Miller? That is the only one of which the creditor and the court knows anything, and we think it should be treated as being really his as its mere existence indicates it to be. To hold otherwise would be to deprive a creditor of the chief evidence of the ownership of property by his debtor upon a mere declaration by the latter that it belongs to some undisclosed person who asserts no claim for himself. This view of such facts is involved in the reasoning of the case cited from Rhode Island, which is most in point, and sustains that decision as correct. That court considered circumstances not stated in this certificate and reached its conclusion from the whole case. The reasoning of Mr. Justice Agnew in the Pennsylvania case is also apposite although the question was different and the conclusion questionable.

The answer to the question is, No.