JOHNSON v. HALL et al.

(Court of Civil Appeals of Texas. Texarkana. Dec. 26, 1913. On Motion for Rehearing, Jan. 23, 1914.)

1. INDEMNITY (§ 15*)—GARNISHMENT—INSURANCE—BURDEN OF PROOF.

Where, in an action against an insurance company on a fire policy, it alleged that it had paid the amount due to a garnishee, and in its cross-bill over against the garnishee, who was made a defendant, alleged that he agreed that, if the insurance company was required to pay any part of such amount to plaintiff, the garnishee would reimburse the company, the burden was upon the insurance company to prove the promise of reimbursement, in order to entitle it to judgment over against the garnishee.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–40, 42–47; Dec. Dig. § 15.*]

2. PLEADING (§ 376*)—ADMISSION.

Admissions in the special answer of a cross-defendant of material allegations in the petition, filed after he had interposed a general denial to the petition, did not relieve the cross-complainant of the burden of proving the allegations of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. § 376.*]

3. APPEAL AND ERROR (§ 877*)—PARTIES ENTITLED TO ASSERT ERROR.

One who became a defendant to an action against an insurance company on a policy, upon allegations by the insurance company that the amount sued for had been paid to such defendant under garnishment proceedings, and that he had agreed to reimburse the company if it were again compelled to pay the loss, cannot complain of the judgment against the insurance company, where, on verdict for plaintiff against the insurance company, he consented that a judgment should be rendered against him in favor of the insurance company, without either pleading or proof to make him liable, being a mere volunteer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

4. GARNISHMENT (§ 85*)—NATURE OF WRIT.

The writ of garnishment is a species of execution provided by statute for the enforcement of money judgments by reaching that class of property which cannot ordinarily be seized by attachment or execution, and defendant in the principal suit is not a party to garnishment proceedings, unless he voluntarily intervenes or is required to interplead.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 150–154; Dec. Dig. § 85.*]

For other definitions, see Words and Phrases, vol. 4, pp. 3042–3044.]

5. GARNISHMENT (§ 148*)—JUDGMENT—EFFECT ON PROPERTY.

Under Rev. St. 1911, art. 308, providing that it shall be a sufficient answer to defendant's claim against a garnishee for the garnishee to show that the indebtedness was paid or the effects delivered in conformity to the judgment in garnishment proceedings, an adjudication upon the garnishee's answer is final as to defendant in the principal action only as to property rights which may be controlled by the Legislature, and would not affect property exempted by the Constitution, such as a homestead.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 275–279; Dec. Dig. § 148.*]

6. HOMESTEAD (§ 79*)—EXEMPTIONS—INSURANCE MONEY—PROCEEDS OF HOMESTEAD.

Money due upon an insurance policy on a homestead is exempt under the constitutional exemption of homesteads; the money standing in place of the property destroyed.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 111; Dec. Dig. § 79.*]

7. GARNISHMENT (§ 235*)—EXEMPTIONS—GARNISHMENT OF PROCEEDS—PARTIES.

A judgment for the creditor in garnishment proceedings, brought to subject the insurance money which represented the debtor's homestead, would not bind the debtor, where he was not a party thereto, so as to prevent him from afterwards asserting his constitutional right to the exemption of the money representing his homestead.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 423–427, 443, 444, 447, 450–452; Dec. Dig. § 235.*]

8. JUDGMENT (§ 707*)—PERSONS CONCLUDED—PERSONS NOT PARTIES.

A judgment is not binding upon one who was not a party to the proceedings, so as to have an opportunity to defend.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

9. ESTOPPEL (§ 118*)—EVIDENCE.

In an action against an insurance company to recover the amount of a policy on plaintiff's homestead, in which the insurance company alleged that such amount had been garnished by and paid to a creditor of plaintiff, evidence *held* not to show an estoppel of plaintiff to claim the money by showing that plaintiff knew of the garnishment proceedings in time to have objected to the garnishment of the fund on the ground that it was the proceeds of his homestead.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 306, 308; Dec. Dig. § 118.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

On Motion for Rehearing.

**10. HOMESTEAD (§ 79*) — DISPOSAL OF PROCEEDS OF INSURANCE POLICY.**

Since insurance money received for the loss of a homestead is personalty, its transfer is not subject to the restrictions placed upon the alienation of a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 111; Dec. Dig. § 79.*]

**11. HOMESTEAD (§ 79*)—RIGHT TO PROCEEDS.**

A husband could not be deprived of his constitutional exemption in the insurance money coming from the destruction of the homestead by a proceeding to which he was not a party; such proceeds being protected by the constitutional provision exempting the homestead itself, while the proceeds from its voluntary sale would be exempt from payment of debts only for a limited statutory period.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 111; Dec. Dig. § 79.*]

Appeal from Titus County Court; Sam Porter, Judge.

Action by W. A. Hall against the National Fire Insurance Company, in which J. W. Johnson was made a defendant and against whom the Insurance Company filed a cross-bill. From a judgment in favor of the Insurance Company against Johnson, he appeals. Affirmed.

S. P. Pounders and J. M. Burford, both of Mt. Pleasant, for appellant. Ward & Ward and Rolston & Rolston, all of Mt. Pleasant, and Crane & Crane, of Dallas, for appellees.

HODGES, J. In November, 1911, the appellee, W. A. Hall, filed this suit against the National Fire Insurance Company, seeking to recover the sum of $400 alleged to be due upon an insurance policy covering a house which had formerly been occupied by Hall as his residence. The insurance company answered by a general demurrer, general denial, and in a special plea admitted the execution and delivery of the policy, that the loss had occurred, and that same had been adjusted. It was alleged, however, that before payment to the appellee it had been served with a writ of garnishment sued out by the appellant, J. W. Johnson; that prior to that time Johnson held a judgment against Hall for a sum in excess of $400, which had been recovered in the county court of Titus county; that the writ of garnishment was served on the insurance company on the 29th day of April 1911, and it thereafter made answer admitting that it was indebted to Hall in the sum of $400; that on June 7, 1911, a judgment was rendered on that answer in favor of Johnson for the sum of $400; that this amount was subsequently paid to Johnson in obedience to that judgment. That payment was urged as a bar to the appellee's suit. It was also alleged that during the pendency of the garnishment proceedings Hall was informed that the writ of garnishment had been issued, and that he failed to notify the insurance company of any reason why the sum claimed by him was not subject to garnishment. It was further alleged that the insurance company was at the time without any knowledge that the proceeds due upon the insurance policy were claimed as exempt property. In the same answer was a cross-bill, in which the insurance company again set out in detail the existence of the judgment against Hall in favor of Johnson, the issuance and service of the writ of garnishment, the answer filed, and the rendition of the judgment and payment of the money, and asked that Johnson be made a party to this suit. It prayed for judgment against him in the event Hall recovered a judgment against the insurance company. As a basis for the action against Johnson, the answer of the insurance company alleged the following facts: "That the said defendant, Johnson, represented to the defendant that the proceeds of the policy were not exempt, and it was understood and agreed that, in the event this defendant should have to pay said sum or any part thereof to the plaintiff herein, said Johnson would reimburse this defendant to the extent of such payment; that it was under these circumstances that the judgment upon its answer in the garnishment suit was rendered and the payment made to said Johnson." Johnson answered by a general demurrer and general denial, and for special answer adopted that of the insurance company. Hall replied by a supplemental petition, in which it was alleged, among other things, that the property insured was a part of his homestead at the time it was destroyed, and that the insurance money claimed in this suit was not subject to the writ of garnishment sued out by Johnson, and further alleged that this fact was known to the insurance company at the time. A trial before a jury resulted in a verdict in favor of Hall against the insurance company for the amount sued for, and in favor of the insurance company against Johnson.

Johnson alone has appealed. In the errors assigned, he complains only of those rulings which relate to the controversy between the appellee Hall and the insurance company. The first question suggested by the record before us is, Has Johnson the right to prosecute an appeal from a judgment rendered against the insurance company alone? Assuming that he would have such a right were he properly a party to this suit as an indemnitor of the insurance company, and was compelled to respond to the judgment recovered against it by Hall, it is doubtful if he can here legally claim to be more than a mere volunteer. A majority of the court are of the opinion that the allegations in the cross-bill of the insurance company whereby it undertakes to make Johnson a party are insufficient to form the basis of a cause of action. That pleading upon its face shows that the contract of indemnity is either wholly without any consideration, or is based upon one

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

which is illegal. But, if it should be held otherwise, the facts adduced upon the trial failed to show that any such an agreement as that pleaded was ever made. To that portion of the answer of the insurance company which sought to make him a party, Johnson plead a general demurrer, a general denial, and added the following special plea: "And, subject to the foregoing pleas and for further special answer herein, this defendant admits that he collected from his codefendant herein the sum of $390; and further admits that, in the event plaintiff herein recovers of and from its codefendant any sum, equal to or in excess of the said sum of $390, it is liable to its said codefendant in the sum of $390, and of this it prays judgment." For a further special answer, and subject to his previous pleas, he adopts the answer of his codefendant in reply to the original petition of Hall.

[1] Having filed a general denial of what the insurance company pleaded as the basis of its action against him, that company was required, before it could secure a judgment against Johnson, to prove what it had alleged—the promise to reimburse.

[2] The admissions contained in the special answer, coming after this general denial, did not relieve it of that burden. Duncan v. Magette, 25 Tex. 245; H. E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877. Hence, at the conclusion of the testimony, and when the jury returned a verdict in favor of Hall against the insurance company, there was not the slightest proof of any liability on the part of Johnson. It appears from the record that the court in his charge, and the jury in their verdict, ignored the action of the insurance company against Johnson, and that both the verdict and the judgment over against him was the result of an agreement. The judgment contains the following, after the preamble: "And thereafter on the same day they returned into open court in charge of the proper officer, and through their foreman, S. W. Webber, returned into the court the following verdict which was by the court received, to wit: 'We, the jury, find for the plaintiff in the sum of $400, with 6 per cent. interest from sixty days after the house was burned. S. W. Webber, Foreman.' Thereupon counsel for the defendant insurance company stated that the charge had omitted to direct the jury to also find in favor of the defendant insurance company and against defendant J. W. Johnson, and that defendant insurance company's counsel and counsel for the said J. W. Johnson had agreed that the verdict of the jury be reformed so as to find in favor of the defendant company against defendant Johnson, whereupon the following additional verdict was under the direction of the court written, signed by the foreman, and received as the verdict of the jury in addition to the foregoing verdict as follows, to wit: 'We,

the jury, further find in favor of defendant insurance company against the defendant J. W. Johnson, the sum of $390. S. W. Webber, Foreman.' Which said verdicts were by the court received as corrected and the jury discharged."

[3] Johnson appears to have assumed the role of a volunteer, consenting that a judgment might be rendered against him in the absence of both proof and sufficient pleading. He is therefore in no attitude to complain of the judgment against the insurance company. But, conceding that it is otherwise, and that Johnson has now the legal right to prosecute an appeal from the judgment in favor of Hall against the insurance company, we still think the judgment should be affirmed upon other grounds.

The following is the first assignment of error: "The court erred in the eighth paragraph of his main charge to the jury that the insurance company would be liable to the plaintiff if the jury believed 'that the defendant through its agent, H. P. Burford, had knowledge that the said house was the homestead of plaintiff, or had knowledge of facts that would have led a person of ordinary prudence to an investigation that would have developed a knowledge that the same was homestead.'" It is claimed that the charge quoted is erroneous, because it made the insurance company liable to Hall if it had within its knowledge "facts that would have led a person of ordinary prudence" to make an investigation which would have disclosed the homestead rights of Hall in the proceeds of the insurance policy. It is admitted in the argument of counsel for appellant that it was the duty of the insurance company, in answering the writ of garnishment, to disclose to the court whatever defenses that were known to it which Hall might have urged against subjecting the money in its hands to the claim of Johnson. But it is contended that this duty did not extend to defenses of which the insurance company was not at the time actually cognizant, but which might have been known by inquiry. The determination of that question, however, becomes immaterial, in view of what is hereafter said in disposing of this case.

[4] The writ of garnishment is a species of execution provided by statute for the enforcement of judgments in which the recovery of money has been awarded. It is intended to reach a class of property which cannot ordinarily be seized through the writs of attachment and execution. The proceeding is merely ancillary to the main suit, and the defendant in that suit is not a party to such proceedings, unless he voluntarily intervenes or is served with notice requiring him to interplead. The statute requires the garnishee to make true answers under oath as to "what, if anything, he is indebted to the said ———, and was when the writ was served upon him; and what, if any, effects of the said ——— he has in his possession,

or had when this writ was served," etc. This answer may in all instances be contested by either the plaintiff or the defendant in the original suit. Article 308 of the Revised Statutes of 1911 is as follows: "It shall be a sufficient answer to any claim of the defendant against the garnishee founded on any indebtedness of such garnishee, or on the possession by him of any effects, or where the garnishee is an incorporated or joint stock company in which the defendant was the owner of shares of stock or other interest therein, for the garnishee to show that such indebtedness was paid, or such effects were delivered, or such shares of stock or other interest in such company were sold under the judgment of the court in accordance with the provisions of this chapter." When the garnishee answers truthfully and fully the questions propounded in the writ, it would seem that he has done all that the terms of the statute exact of him. If a judgment is thereafter rendered against him in favor of the garnishing creditor, and he obeys the mandate of the court by paying over the money, or delivering whatever effects he may have in his hands belonging to the defendant, the language of the statute would seem to discharge him from further liability to his creditor. But the courts have held otherwise. Ry. Co. v. Whipsker, 77 Tex. 14, 13 S. W. 639, 8 L. R. A. 321, 19 Am. St. Rep. 734; Ry. Co. v. Fulford, 125 Ga. 103, 54 S. E. 68, 5 Ann. Cas. 168 and notes.

In the case first above referred to the plaintiff sued the defendant for the recovery of a sum due for current wages. The defendant answered that it had been garnished by a creditor of the plaintiff, and pleaded the garnishment proceedings and payment of the debt in bar of the plaintiff's claims. Justice Gaines, in rendering the opinion of the court, after referring to the different statutory provisions, said: "The question, then, is, Will the garnishee, who is indebted to the defendant in the suit for current wages, be protected by a judgment against him, when he fails to state in his answer the facts which show the exemption? We think this question must be answered in the negative. The garnishment proceeding is ancillary to the main suit, and to it the defendant in the principal action is not a party. He is not required to be served with notice of either the issuing or the service of the writ of garnishment. It is true that our statutes, literally construed, require the garnishee to answer only whether or not he is indebted to defendant, and whether or not he has any effects of the defendant in his possession, and does not, in terms, direct that he shall say whether such indebtedness or such effects are exempt from a forced appropriation to the payment of debts or not. Id. (Rev. St.) arts. 188, 189. The statutes of some of the states require him to answer only as to debts or property not exempt. We think, however, that, since the defendant is not required by the statute to have notice of the service of the writ, it was not intended that the garnishee should in his answer confine himself to the literal directions of the statute, when he knows that the debt or property is exempt." To what extent the defendant would be bound by a judgment to which he was not a party, but in which the garnishee had set up defendant's exemptions, is not decided. In fact, that question was not involved in that case.

[5] If we assume that it is the purpose of the statute, as construed in the case cited, to make the adjudication upon the garnishee's answer a finality as to all of the issues involved and binding upon the defendant, although not a party to that proceeding, we think it should be limited to such property rights as may be controlled by legislation. It may be said, in defense of the exercise of that power by the Legislature, that the statutory exemptions are given subject to the necessary conditions and modifications imposed by the provisions of the law with reference to the garnishment proceedings or other statutory enactments which the Legislature has the power to make. But, when the Constitution prescribes that which shall be exempt, the Legislature is without power to directly or indirectly deprive the owner of that right without giving him his day in court.

[6] It has been definitely held by our Supreme Court that money due upon an insurance policy on the homestead is exempt by virtue of that provision of the Constitution which exempts the homestead; that the money stands in the place of that which has been destroyed by fire. Chase v. Swayne, 88 Tex. 218, 30 S. W. 1049, 53 Am. St. Rep. 742. It follows, then, that the claim of Hall and his wife to the money due from the insurance company in this instance was as sacred in the eyes of the law as was the land upon which the house stood before its destruction, and they are entitled to invoke the same constitutional safeguards in defense of the one that are available for the protection of the other.

[7] It has been held that a judgment foreclosing a mortgage on the homestead to which the wife is not a party is a nullity. Odum v. Menafee, 11 Tex. Civ. App. 119, 33 S. W. 130, and cases cited. If the wife is a necessary party to a proceeding which undertakes to subject the homestead to the claim of a creditor, certainly the husband is also an indispensable party. Hence we conclude that the garnishment proceedings which culminated in the judgment in favor of Johnson against the insurance company and the payment of the insurance money thereunder do not preclude Hall from here and now asserting his right to the exemption allowed him by the Constitution. The controversy is not one involving a question of fairness on the part of the garnishee in disclosing and presenting the defenses of the

defendant, or of his failure to do this, but is one in which the owner of property has the right to set up and claim for the first time his homestead exemption. Such an owner has not only the right to have the issue of exemption raised and passed upon by a court of justice, but has the constitutional right to be a party to that proceeding.

[8] The binding force of judgments and decrees derive their conclusiveness not merely from the fact that the issues in question were involved and passed upon, but that the individual against whom judgments are invoked was a party to the adjudication. No one should be concluded by the determination of a question affecting his property rights, when he had no opportunity to be heard in their defense. The evidence in this case justified the jury in finding that the property destroyed by fire was the homestead of Hall and his family. That issue having been determined in favor of Hall, it is immaterial whether the insurance company knew or did not know of its character at the time it paid the money to Johnson. It had the right to protect itself by impleading Hall and his wife.

The following special charge was requested and refused: "If you find that plaintiff, Hall, had actual notice of the pendency of such garnishment proceedings brought by the defendant Johnson before the money herein sued for was paid by the insurance company to the said Johnson, and in time to have notified the company that said money was claimed by him as exempt, and that he failed to notify the said insurance company of his claim in said money as exempt, you will find for the defendant." Conceding that the notification to Hall only, without including notice to his wife, would be sufficient to create an estoppel in this proceeding, we still think the charge should not have been given. The only pleading which in any manner suggests the issue of estoppel is found in paragraph 5 of the amended answer of the insurance company, which is as follows: "Defendant further says that defendant (plaintiff) W. A. Hall knew of the garnishment proceedings, and that if there were any reasons in law why the sum in defendant's hand was not subject to garnishment that defendant was not advised thereof, so that it was the duty of the said plaintiff, W. A. Hall, if he had any objection to make as to why said fund should not be held liable for the judgment rendered against him in cause No. 168, to intervene in said garnishment proceedings and set same up."

[9] Assuming that this pleading is sufficient to present the issue of estoppel either by judgment or upon equitable grounds, we do not think the testimony is sufficient to require a submission of those issues to the jury. The proof shows that at the time of the garnishment proceedings Hall was residing in a distant county in western Texas. About the 15th of May, 1911, he wrote a letter to H. P. Burford, the local agent of the insurance company at Cookville, in Titus county, inquiring why the insurance money had not been paid. Burford testifies that within a few days thereafter he answered the letter, informing Hall that the insurance company had been served with a writ of garnishment, and that it was waiting to see what disposition the court would make of the case. He does not state when he mailed this letter, or that he mailed it at all; neither does the record show the facilities available to Hall for getting his mail. Hall testifies that he received a letter containing in substance what Burford says he wrote about the 10th or 15th of June, 1911. This appears to have been the first intimation that Hall had that any garnishment proceedings were pending. His receipt of the letter is shown to have been from three to eight days after the garnishment judgment was rendered, but prior to the time the money was actually paid to Johnson. Hall therefore received the information too late for him to intervene in the garnishment proceedings, and is not estopped by the judgment there rendered on the ground that he had the notice.

Is Hall estopped because he failed to notify the insurance company of his homestead claim before the money was actually paid to Johnson? We think it is a sufficient answer to that contention to say that it does not appear from the evidence concerning the notification sent Hall that Burford as the agent of the insurance company was seeking any information regarding Hall's defenses, or was intending to furnish Hall an opportunity to give notice. There is nothing in this letter to indicate that the agent was not then fully informed on that subject. The only reasonable inference that can be drawn from this correspondence is that Hall desired to know why his money had not been paid, and the agent in giving the information merely mentioned the garnishment suit as an excuse for the delay rather than as a notification to elicit any additional information. It is not alleged or claimed that the insurance company would have acted differently had it been furnished with evidence of Hall's claim of homestead rights in the insurance money. On the contrary, it appears from the allegations in the cross-bill that the question of homestead rights had been discussed between the representative of the insurance company and Johnson, and that, in paying over the money, the insurance company relied upon Johnson's promise to reimburse it in the event Hall should later successfully prosecute a demand for the money.

The remaining assignments of error will not be discussed in detail.

The judgment of the county court is affirmed.

### On Motion for Rehearing.

In the motion for a rehearing it is contended that, if Johnson is to be considered

merely a volunteer in the proceedings in the court below, then the judgment rendered in favor of the insurance company against him was void, because there were no pleadings to support it. We are not called upon in this appeal to revise that judgment. No complaint in any form is here made of its rendition. It is only the judgment in favor of Hall against the insurance company that is assailed in the briefs here presented in this appeal. We referred to Johnson's attitude as a volunteer in the discussion of the case merely as a reason why he had no right to complain of that judgment.

[10] From the argument made in this motion, it is evident that the original opinion is interpreted by counsel as holding that Mrs. Hall would be a necessary party to a suit seeking to subject the insurance money to the payment of her husband's debt. We do not mean to so hold. Indeed, it is not necessary to do so in this instance in order to sustain the conclusions announced. It may be true, as is asserted by counsel, that the husband could, without the consent of the wife, dispose of the insurance money received for the loss of the homestead. Such proceeds being personal property, their conveyance is not subject to the restrictions with which the alienation of the homestead is surrounded.

[11] What we mean to hold is that Hall could not be deprived of his constitutional exemption in the insurance money by a proceeding to which he was not a party. The decisions cited, in which it was held that the wife was a necessary party in order to divest her of her homestead rights, were simply mentioned as supporting the proposition that the holder of a property right cannot be divested of that right in a legal proceeding to which he is not a party. Money collected on an insurance policy for the loss of a home is not in all respects the same as money realized from the sale of the homestead. Where the homestead is sold, the conversion into money is voluntary, and the wife has presumably conformed to all the legal requirements in making the conveyance and in parting with her interest. Where the home has been destroyed and the insurance money is collected, the situation is quite different. Here the conversion into money is involuntary—the result of a casualty over which the parties have no control. The proceeds from the voluntary sale of the homestead are exempt from the payment of debts for a limited period of time, by virtue of a statute specially enacted for that purpose, while the insurance money is protected by that section of the Constitution which exempts the homestead itself.

It is again contended that Hall had notice of the pendency of the garnishment proceedings, and that it was his duty to inform the insurance company in some manner of

his claim that the property was his homestead. There is no evidence that Hall knew when the garnishment proceedings would come to a trial, or when the money would be paid over to Johnson after a judgment had been rendered in his favor against the insurance company in the garnishment suit. As stated before, the testimony shows that the notice of the pendency of the garnishment proceedings reached Hall after the judgment was rendered, and there is nothing to indicate that he had any notice that the money had not been paid at the time he received the notice.

The motion for rehearing is overruled.