[Civil No. 2832. Filed January 6, 1930.]
[283 Pac. 285.]

M. P. KELLY, 'Appellant, v. FIRST NATIONAL BANK OF ARIZONA, a Corporation, Garnishee, Appellee.

Mr. James R. Moore and Mr. Harlow H. Akers, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

McALISTER, J.—In May, 1928, appellant, M. P. Kelly, recovered judgment against Fen S. Hildreth for $481.20 with interest, and on March 7th, 1929, the judgment being unpaid, obtained a writ of garnishment summoning appellee, the First National Bank of Arizona, as garnishee, to answer what, if anything, it was then indebted to Fen S. Hildreth. The bank answered on March 15th, 1929, that it was not indebted to him in any sum whatever, but that it was

to Fen S. Hildreth, trustee, in the amount of $590.63, and that it had no knowledge, information or belief whether he had or claimed personally any right, title or interest in and to said sum. Four days later appellant moved for judgment against appellee upon its answer, and, this motion being denied on March 25th, 1929, he immediately perfected an appeal to this court from this ruling.

The only error assigned is the order denying this motion. The assignment is based upon the contention that the garnishee having answered that it was indebted to Fen S. Hildreth, trustee, nothing further was required to establish *prima facie* that it was indebted to him personally, since there was no disclosure of a *cestui que trust,* while the position of appellee is that inasmuch as the garnishee denies indebtedness to the defendant and has no information or belief as to whether he owns or claims the amount deposited in his name as trustee, the presumption that it is not his but the property of another, though undisclosed, prevails until the contrary appears by proof.

Appellee does not go to the extent of claiming that the deposit was not in any event subject to garnishment to satisfy an obligation of the defendant, but contends merely that the answer fails to disclose that he was the owner thereof, and hence that appellant should have controverted, as the statute provides, so that an issue on the question of ownership could have been framed and a hearing had thereon at which the defendant and his *cestui que trust,* if he had one, could have had an opportunity to be heard. Had the garnishee denied that it was indebted to defendant and said nothing more, and such answer had been dissatisfying to appellant, no other course would have been open to him, but an answer stating that it was indebted to him would have entitled him to judgment against the garnishee unless it was controverted by

the defendant, or some interested party had intervened, and it is clear that the result would have been the same if the facts set forth therein were such that it followed from them as a matter of law that the garnishee was so indebted.

However, it is not necessary to determine whether the answer of the garnishee states facts from which the law draws the conclusion that it was indebted to Fen S. Hildreth personally, because paragraph 1448, Civil Code of 1913, provides that the defendant shall have twenty days after the filing of the answer to controvert it and the record in the case discloses that within twelve days after the filing of the bank's answer the motion for judgment was made and denied and an appeal from the order overruling it perfected. The defendant did not controvert the answer during this period and of course could not after the case had been brought to this court, hence it would seem very clear that the motion for judgment thereon was premature. The fact that paragraph 1441, Revised Statutes of Arizona 1913 (Civil Code), provides that the court shall render judgment for the plaintiff against the garnishee when it appears from the answer or otherwise that the garnishee is indebted to the defendant, does not signify that this shall be done forthwith but only after the twenty-day period provided for in paragraph 1448 has expired and no controversion of the answer has been filed. There is, it is true, no provision specifically requiring that the defendant be given notice of a garnishment proceeding, yet the statute allows him a certain time in which to controvert the answer, and to permit judgment against the garnishee during this period in the absence of controversion by him is in effect a denial of this right. Such proceedings are, it is true, only ancillary to the main case, and the defendant is not under the statute held to have constructive notice of them (*Missouri Pac. Ry.*

*Co.* v. *Whipker*, 77 Tex. 14, 19 Am. St. Rep. 734, 8 L. R. A. 321, 13 S. W. 639), but he acquires such knowledge in most instances through the garnishee, the office in which the writ is issued and the answer filed, or otherwise, and naturally he as well as one for whom he may be bailee or trustee has great interest therein, hence the legislature saw fit to give him the right of controversion, and until the period in which he may exercise it has passed any action taken upon the theory that he is not going to do so is without jurisdiction. It is chiefly in cases in which the answer of the garnishee is such that the property owned or controlled by the defendant is about to be applied to the payment of an obligation he owes that he would be interested in controverting the answer.

The enactment of the provision giving him this privilege was undoubtedly prompted, in part at least, by the fact that property in the possession and control of a person is not always his in fact, and that since only that which he really owns may be applied to the satisfaction of his obligations (*King & King* v. *Porter et al.*, (Tex. Civ. App.) 229 S. W. 646; *Silsbee State Bank* v. *French Market Grocery Co.*, 103 Tex. 629, 34 L. R. A. (N. S.) 1207, 132 S. W. 465; 12 R. C. L. 806), an opportunity to advise the court as to the true ownership of property garnished, whether the known facts point toward its being his individually or as the representative of another, should be given him before ordering it used for the purpose of paying his debts when it does not in fact belong to him. A depositor, for instance, not infrequently places the funds of another in his individual account, and while the answer of the bank, if garnished, that it is indebted to him would be true so far as it relates to the duty of the bank to honor his checks on this account, it would not disclose the depositor's real relation to the funds therein, but a hearing of the issue

framed by the defendant's controversion of the bank's answer would bring this to light and render unnecessary a separate action by the real owner, or the depositor as his fiduciary, to recover the property. And such being the rule where there is nothing to suggest even that the depositor is not the owner of the funds, it is clear that it applies with equal force at least where the funds are deposited to the credit of one whose name is followed by the word "trustee," "assignee," "agent," or any other indicating that the depositor is acting as the representative or fiduciary of another, even though the identity of such other be not disclosed.

The order denying the motion for judgment upon the garnishee's answer is affirmed, it appearing that the motion was made and denied and an appeal from the ruling thereon perfected prior to the expiration of the period in which the defendant is given the right to controvert the answer.

LOCKWOOD, C. J., and ROSS, J., concur.