**PEOPLE'S NAT. BANK OF TYLER v. WILLIAM TELL LODGE NO. 27, I. O. O. F.**

No. 4557.

Court of Civil Appeals of Texas.   Texarkana. Dec. 7, 1934.

Rehearing Denied Dec. 13, 1934.

Lasseter, Simpson & Spruiell, of Tyler, for appellant.

Warren & Warren, of Tyler, for appellee.

LEVY, Justice (after stating the case as above).

█ It is believed that on the facts disclosed by the record it may not be held that the bank was relieved of its liability to pay the appellee lodge the deposit balance of $365.72 because it had paid it out on checks drawn against it by E. L. Tucker. Therefore the court did not err in peremptorily instructing the jury to return a verdict in favor of the lodge. That is the question in the appeal.

The facts are conclusive, and not in uncertainty, that K. G. Irving having legal control of the funds of the local lodge, in virtue of being the elected treasurer and under bond for their safe-keeping and forthcoming, deposited them from time to time in the bank, and so entered in the books of the bank in an account in the name of "K. G. Irving, Treasurer, I. O. O. F."; that on April 6, 1932, a balance of $365.72 appeared in the account to the credit of K. G. Irving, treasurer, I. O. O. F., and such deposit was by the bank at the direction of E. L. Tucker, an acting Special Deputy Grand Master, changed and transferred from such account to another account in the bank under the name of "Wm. Tell Lodge #27, I. O. O. F., by E. L. Tucker"; that after the change and transfer into the other account named the bank paid out the deposit on checks against it given by E. L. Tucker; that E. L. Tucker, an acting Special Deputy Grand Master, was not by the lodge or K. G. Irving as treasurer or individually given any control over the particular deposit or given any authority or consent to make the change and transfer of it to the other named account; that E. L. Tucker was without any authority from the lodge or K. G. Irving as treasurer or individually, either before or after the transfer, to check against the particular deposit.

█ It may be conceded that, as a general rule, it is the duty of the bank to pay money on deposit with it to the party in whose name it is deposited. The law presumes that a deposit belongs to and is the money of the person in whose name it is entered, and the bank cannot, as between the bank and the depositor, question his right thereto, and may lawfully pay it out on his demand or check. That is settled by our decisions. Interstate Nat. Bank v. Claxton, 97 Tex. 576, 80 S. W. 604, 65 L. R. A. 820, 104 Am. St. Rep. 885; Silsbee State Bank v. Grocery Co., 103 Tex. 629, 132 S. W. 465, 34 L. R. A. (N. S.) 1207; Waggoner Bank & Trust Co. v. Warren, 111 Tex. 318, 234 S. W. 387. In the setting forth this applicable rule of law it becomes evident that the bank was entirely without legal protection in changing the deposit balance of $365.72 from the account of K. G. Irving, treasurer, to the other account named at the direction of E. L. Tucker. It was not subject to change and transfer to the other account unless upon the check or consent of K. G. Irving treasurer, or the lodge as true owner in fact of the deposit. Neff v. Greene County Nat. Bank, 89 Mo. 581, 1 S. W. 747. While a bank deposit is ordinarily regarded as a matter transferable from one account to another, yet the bank fails in its legal duty towards the particular depositor in making such transfer without sufficient authority to do so. 7 C. J. § 328, p. 642. Otherwise the withdrawal or change becomes wrongful. And in this particular case there was absent any consent or authority to the bank or E. L. Tucker from either K. G. Irving as treasurer or individually or the lodge as true owner to make the change or transfer as done. It is equally true, there being absent any consent or authority to the bank or E. L. Tucker, that the bank, after the transfer to the other account named, could not have paid out a dollar of the particular deposit balance upon the check of E. L. Tucker. The deposit of lodge money in the name of "Wm. Tell Lodge #27 I. O. O.

F." followed by the words "by E. L. Tucker" would not warrant E. L. Tucker to check it out. The addition of the words "by E. L. Tucker" is a statement only by whom the money was handed to the bank, and is without other significance. Kerr v. People's Bank of McKeesport, 158 Pa. 305, 27 A. 963. The money deposited was the lodge's money and the bank would know in the form of the deposit that it was the lodge's money which E. L. Tucker deposited. That determined the bank's duty and the right of the lodge to payment on demand. Having thus expressly accepted and acknowledged in the form of the deposit account the deposit as the money of the bank, where is the authority of E. L. Tucker to check it out? It is certainly not the law that, where money has been deposited in a bank by one person in the name and to the credit of another, such person merely handling the money to the bank for deposit, and with no other interest in it, can check against it, thinking himself entitled to do so. Implication or presumption of authority or agency in E. L. Tucker to draw the deposit on his check may not be predicated in the special circumstances of the telegram in evidence and his acting as Special Deputy Grand Master. By the terms of the telegram, E. L. Tucker was appointed Special Deputy Grand Master with the view and expressed authority to "secure the books of the Lodge and make arrangements for an audit of the same, the expense to be charged against the lodge funds." There is no authority or implication or suggestion of authority in E. L. Tucker to generally disburse or check in a general way against the funds or deposits of the lodge. As the law of the order appear in the record, the authority of the Grand Master, in virtue of his right of supervision of subordinate lodges, to appoint a special deputy, may be regarded as existing specially to "examine the books, records and financial affairs" of the local lodge. Under the laws of the order, the special deputy is not, in virtue of his special office, empowered to disburse the funds of the local lodge. The local lodge itself has the exclusive authority over and to make disbursements of its own funds. In pursuance only of his authority as Special Deputy Grand Master, E. L. Tucker took over the books of the lodge and procured an audit thereof. As a matter of convenience and orderly proceeding, as may be considered, he caused the financial secretary to turn over to him all lodge moneys to be collected during the period of the audit and placed them in the bank in the name of the lodge in the form stated. He may not be classed as the actual or apparent agent of the local lodge to pay or check out in a general way funds of the lodge.

The judgment is affirmed.