**SOUTHWEST BANK AND TRUST COMPANY, Appellant,**

v.

**CALMARK ASSET MANAGEMENT, INC., Appellee.**

**No. 05–84–00208–CV.**

Court of Appeals of Texas, Dallas.

June 10, 1985.

Rehearing Denied July 22, 1985.

Don W. Davis, Payne & Vendig, Dallas, for appellant.

Susan M. Newell, Richard L. Nelson, Johnson, Bromberg & Leeds, Dallas, for appellee.

Before STEPHENS, WHITHAM and DEVANY, JJ.

STEPHENS, Justice.

Southwest Bank and Trust Company ("Southwest"), appeals from an adverse summary judgment holding it liable to its customer, Calmark Asset Management, Inc. ("Calmark"), for its failure to raise Calmark's defense to a writ of garnishment. On appeal Southwest brings forward seven points of error. We reject each contention and, accordingly, affirm.

This suit began as a garnishment action filed against Southwest by Delores Fradenberg on February 5, 1981. At the time the writ was served, Calmark had an account with Southwest styled "Calmark Asset Management, Inc., in trust for LaSpanada Apts." Southwest contacted Calmark on February 10 and advised it that a garnishment suit had been filed and that its account was being frozen. Southwest's attorney later discussed the matter with Calmark. He told Calmark who the plaintiff was, informed it that he could not repre-

sent it in the matter, and advised it to secure counsel to protect its interests.

Southwest filed its answer in the garnishment suit on February 17, 1981, stating that it was indebted to "Cal-Mark Asset Management, Inc." in the amount of $37,758.05. It did not plead or otherwise advise the Court of the trust designation of the account. Judgment, awarding Fradenberg the entire amount in Calmark's account, less Southwest's attorneys' fees, was rendered on February 19, 1981. Southwest paid the judgment the next day.

Thereafter, on March 19, 1981, Calmark filed a plea of intervention, a motion to set aside the judgment, and a motion for new trial. The trial court held a hearing and entered an order granting Calmark's motions on March 23, 1981. The trial court ordered Fradenberg to pay the funds into the registry of the court pending a determination of the rights of the parties; however, Fradenberg failed to do so and instead filed a petition in bankruptcy. Subsequently, Calmark, by the present suit, sought recovery from Southwest on theories of wrongful garnishment and breach of contract. The trial court granted Calmark's motion for summary judgment on November 18, 1983.

The uncontroverted summary judgment evidence proves: 1) that Calmark did not own the funds in its account; 2) that Southwest had notice of a possible fiduciary relationship between Calmark and some third party; 3) that Southwest failed to advise the court of this possible relationship; and 4) that Calmark had actual notice of the garnishment action from Southwest.

In three points of error Southwest contends that it either had no duty to raise Calmark's defenses to the garnishment writ or that it discharged any duty by notifying Calmark immediately after the writ was served. We disagree.

■ Neither trust funds nor the funds of another deposited by a defendant into an account in his own name is subject to garnishment by the defendant's creditors. *Silsbee State Bank v. French Market Gro-*

*cery Co.,* 103 Tex. 629, 132 S.W. 465 (1910); *Canyon Lake Bank v. Townsend,* 649 S.W.2d 809 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Belva Oil Co. v. Lowe,* 27 S.W.2d 599, 600 (Tex.Civ.App.—Eastland 1930, no writ). In such instances, the equitable interest of the beneficial owner prevails over the legal title of the defendant.

Although historically these types of funds were not subject to garnishment, defendants were disadvantaged in their ability to protect these interests because garnishment proceedings are ancillary to the main suit and the defendant in the principal action was neither a party nor entitled to notice of the issuance or the service of the writ. *See Missouri Pac. Ry. v. Whipker,* 77 Tex. 14, 13 S.W. 639 (1890); *Mullins v. Main Bank & Trust,* 592 S.W.2d 24 (Tex. Civ.App.—Beaumont 1979, no writ). As a result, the courts placed a duty on the garnishee to disclose the facts showing an exemption. In *Whipker,* the Texas Supreme Court stated:

> For this reason, we cannot think that it was the intention of the legislature that [the defendant] should be concluded by the judgment in the garnishment proceeding when the garnishee has failed to disclose the facts showing the exemption, and when [the defendant] has not been formally cited to appear, and has not voluntarily appeared for the purpose of maintaining his right.

77 Tex. 14, 13 S.W. at 640.

■ If the garnishee fails to raise the defense, the defendant is not bound by the judgment and the garnishee may be liable to him for its failure. *Whipker,* 13 S.W. at 639; *Baumgardner v. Southern Pac. Co.,* 177 S.W.2d 317, 320 (Tex.Civ.App.—El Paso 1943, no writ).

■ Although Southwest attempts to distinguish exempt funds from funds which are not subject to garnishment because they are not owned by the garnishee, this is a distinction without substance. In either case the garnishor is unable to reach the funds. We hold that in both cases the garnishee has a duty to disclose any de-

fense to the garnishment writ of which he is aware.

Next, we consider Southwest's contention that any duty owned to Calmark was discharged when it notified Calmark of the garnishment action. We reject this contention. We hold that notice to a depositor does not relieve a bank from liability for erroneously answering a writ of garnishment. Although a depositor may not insulate his funds from garnishment by a self-declaration of trust, the bank must nevertheless disclose the nature of the account to the court. *See Silsbee State Bank v. French Market Grocery Co.*, 103 Tex. 629, 132 S.W. 465 (1910). The determination of the ownership of the funds is for the court, not for the bank, to decide. Southwest's points of error one, six, and seven are overruled.

In its remaining four grounds of error, Southwest contends that the summary judgment was improper either because (1) the evidence conclusively established that Calmark had a sufficient property interest in the garnished account to the writ of garnishment or (2) because there was a genuine issue of material fact with respect to the ownership of the garnished account. We disagree with both contentions. Calmark introduced uncontroverted summary judgment evidence which established that it did not own the funds in the garnished account; Calmark was the collecting agent for the owners of the LaSpanada Apartments. As we have previously stated, neither trust funds nor the property of another deposited by a defendant into an account in his own name is subject to garnishment by the defendant's creditors. Southwest's points of error two, three, four, and five are overruled.

Affirmed.