**BECKER v. COOPER et al.** (No. 855.)

Court of Civil Appeals of Texas. Waco. Dec. 5, 1929.

Rehearing Denied Jan. 9, 1930.

See, also, 21 S.W.(2d) 70.

E. V. Becker, of Dallas, for appellant.

Turner, Rodgers & Winn and M. B. Soloman, all of Dallas, for appellees.

GALLAGHER, C. J. This appeal is prosecuted by appellant, E. V. Becker, from a judgment of the county court at law No. 1, Dallas county, refusing to quash and abate a garnishment proceeding instituted by appellees Hugh J. Cooper and F. E. Simms, judgment creditors of appellant, against Dallas Development Company. Appellees alleged in their affidavit that the garnishee, Dallas Development Company, was a corporation, duly incorporated; that appellant was its president; that it was indebted to appellant and had in its hands effects belonging to him; and that he owned shares therein. A writ of garnishment was issued on said affidavit and served on appellant as such president. Appellant intervened in the cause and filed a motion to quash the proceeding and a plea in abatement thereof. The garnishee filed no answer but wholly made default. The court rendered judgment by default against said garnishee and overruled appellant's motion and plea. Appellant filed a motion for new trial, which was overruled. He then perfected this appeal.

### Opinion.

 Appellant presents as ground for reversal the action of the court in overruling his motion to quash the affidavit for garnishment. Appellant intervened in this proceeding solely in his capacity as defendant in the judgment on which the same is based. He contends that said affidavit should have been quashed on the ground that it did not show whether appellees recovered said judgment in their individual capacity, as a partnership, or otherwise, and on the further ground that the amount due on said judgment as stated in the affidavit was excessive in the sum of $75. The affidavit for garnishment stated that appellees Hugh J. Cooper and F. E. Simms recovered a judgment against appellant in the original suit in the sum of $608.33, that said judgment was unsatisfied, and that the sum of $608.33 thereof was then unsatisfied. The original judgment is not contained in the statement of facts nor in the transcript. Said judgment was, of course, the best evidence of the capacity in which appellees recovered therein, and of the amount of their recovery. The court was authorized· to take judicial notice of the existence and contents of said judgment. Kelly v. Gibbs, 84 Tex. 143, 146–148, 19 S. W. 380, 563; Plowman v. Easton, 15 Tex. Civ. App. 304, 39 S. W. 171, 173; Jeffries v. Smith, 31 Tex. Civ. App. 582, 73 S. W. 48; Baze v. Island City Mfg. Co. (Tex. Civ. App.) 94 S. W. 460, 461; Texas & P. Railway Co. v. W. C. Powell & Son (Tex. Civ. App.) 147 S. W. 363, 364. The court overruled appellant's motion to quash, and in the absence from the record of such original judgment, we must presume that appellees recovered therein in their individual capacity, as indicated by the affidavit, and that the amount of such judgment and the amount due thereon at the time such affidavit was filed were correctly stated therein. Appellant's contention is overruled.

 Appellant presents as ground for reversal the action of the court in overruling his plea in abatement. He contends in this connection that inasmuch as the charter of the garnished corporation has been forfeited and annulled by a decree of a court of competent jurisdiction, it could not be summoned or charged as garnishee in its corporate name; that service of the writ of garnishment upon him as president thereof was insufficient; and that service of such writ should have been upon each of the directors as statutory trustees, respectively. Appellant alleged in his plea in abatement that the Dallas Development Company was not at the time of the institution of these proceedings a corporation duly incorporated, as alleged in

the affidavit, but that long prior thereto the charter thereof had been forfeited by a decree of a court of competent jurisdiction. He attached to said plea a certified copy of a judgment of the district court of Travis county, forfeiting, canceling, and annulling the charter of said company. The court, however, expressly refused therein to appoint a receiver to take charge of its properties and settle its affairs. Said decree was rendered less than a year before the filing of the affidavit. Appellant introduced the same in evidence at the hearing on his plea in abatement. No other evidence, either written or oral, was introduced at such hearing. Generally, any person immediately obligated to the original defendant may be summoned and held as garnishee and the comprehensive .test of liability to be so summoned and charged is whether the garnishee could have been sued by the defendant. 28 C. J. pp. 43, 44, §§ 45, 46. Under our statutes a garnishing creditor, by complying with the provisions thereof, may acquire the right to prosecute the claim of the original defendant against the garnishee to recovery and apply the proceeds of such recovery to the satisfaction of his debt. Revised Statutes 1925, arts. 1390, 1391, provide, in substance, that the dissolution of a corporation shall not be construed as abating any pending suit in which it is defendant; that judgment may be rendered therein as though it had not been dissolved; and that when no receiver has been appointed, suit may be instituted on any claim against it, that process therein may be served upon the president or other person or persons in charge of its affairs at the time it was dissolved, and that judgment may be rendered against it and its assets applied to the payment of such judgment as though it had not been dissolved. Said articles were first enacted in 1919. They authorize suit against a dissolved corporation in its former corporate .name and judgment against it in such name. Chevrolet Motor Co. v. Morris Auto Co. (Tex. Civ. App.) 269 S. W. 872, 875. par. 1; Simmons v. Zimmerman Land & Irrigation Co. (Tex. Civ. App.) 292 S. W. 973, 976, par. 7. Since appellees as garnishing creditors were, by virtue of the provisions of our garnishment statute, in effect substituted for appellant in asserting and prosecuting against said company any claim he may have had against it at the time of the service of the writ, we see no sufficient reason for holding that it could not be summoned and charged as garnishee in this proceeding.

■ Appellees alleged in their affidavit for garnishment that appellant was president of said company. The writ of garnishment was served on him as such. He did not deny acting in such capacity at the date of the decree dissolving said corporation. He did not deny that as such he was in charge of the assets thereof. Neither did he aver that any one else, either as director thereof at the time of dissolution or otherwise, was a party to the possession of the assets of said dissolved corporation or exercising any control over the same. Service of the writ of garnishment on appellant was sufficient to support a judgment by default against the garnishee. Article 1391, supra; Barton v. Montex Corporation (Tex. Civ. App.) 295 S. W. 950, 951, 952, par. 6. The action of the trial court in overruling appellant's plea in abatement is sustained.

The judgment is affirmed.