**PEARSON GRAIN COMPANY, Appellant,**

v.

**PLAINS TRUCKING COMPANY, INC.,**
Appellee.

No. 8362.

Court of Civil Appeals of Texas, Amarillo.

April 30, 1973.

Rehearing Denied May 29, 1973.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

Stovall & Stovall, R. F. Stovall, Plainview, for appellee.

REYNOLDS, Justice.

In this garnishment action, the trial court held that a check issued and mailed prior to, but paid after, service of a writ of garnishment discharged the indebtedness sought to be impounded by garnishment. Affirmed.

In February, 1972, Pearson Grain Company secured a judgment against Robert Wilson and Jake Wilson, dba Wilson Grain Company, in the sum of $22,500.00 exclusive of interest and costs. On May 19, 1972, Pearson Grain Company applied for and was issued a writ of garnishment against Plains Trucking Company, Inc., and its president, C. G. Reynolds. The writ was served on May 22, 1972, at 2 o'clock, P.M.

The matter was heard by the trial court sans jury. Additional to the documentary evidence introduced, C. G. Reynolds, the president of garnishee Plains Trucking Company, Inc., was the only witness presented. He testified to an agreement whereby Plains Trucking Company, Inc., leased a number of trucks from the Wilson brothers, paying therefor a stated percentage of profits made from the use of the trucks. His testimony supported the trial court's filed findings of facts which, paraphrased, show that:

(1) On May 22, 1972, Plains Trucking Company, Inc., was indebted to the Wilson brothers in the amount of $5,368.13;

(2) On the same day at the special instance and request of the Wilson brothers, Reynolds issued the check of Plains Trucking Company, Inc., payable to the order of the Mercantile National Bank in Dallas, Texas, in the sum of $4,800.00, as payment on a note indebtedness owed that bank by the Wilson brothers;

(3) At the time the check was issued proper book entries were made reflecting the payment and a balance of $568.13 due the Wilson brothers from Plains Trucking Company, Inc.;

(4) The check was issued and mailed prior to the time the writ of garnishment was served or the garnishees had any notice or knowledge thereof;

(5) No request was made by anyone to stop payment on the check;

(6) The check was paid in the regular course of business; and

(7) The payment to the bank was, by agreement, a payment to the Wilson brothers.

Concluding, inter alia, as a matter of law that the check discharged $4,800.00 of the indebtedness owed the Wilson brothers by Plains Trucking Company, Inc., the trial court entered judgment for the $568.-13 balance found to be owed to the judgment debtor Wilson brothers by garnishee Plains Trucking Company, Inc. Presenting six points of error, appellant-garnishor Pearson Grain Company has appealed from that part of the judgment denying it recovery of the additional $4,800.00. In essence, the points embrace the contention that at the time the writ of garnishment was served, the additional $4,800.00 indebtedness was owed by garnishee Plains Trucking Company, Inc., and impounded by the writ since the check, in the absence of an assignment, did not constitute payment until honored by the drawee bank, and the garnishee was under a duty to recall the check or to stop payment thereon. Considering the points of error in light of the controlling principles of law applicable to the developed facts, the points are overruled.

■■■ It is basic that the service of a writ of garnishment impounds only such debt as the garnishee in fact owes to the judgment debtor at the time. Adams v. Williams, 112 Tex. 469, 248 S.W. 673 (1923); First National Bank in Dallas v. Lampman, 442 S.W.2d 858 (Tex.Civ.App. —Eastland 1969, writ ref'd n.r.e.). It is settled law in Texas that while mere delivery of a check does not operate to discharge a debt in the absence of an agreement to that effect, payment by the check becomes absolute when the check is paid in due course and relates to the delivery date of the check. Muldrow v. Texas Frozen Foods; 157 Tex. 39, 299 S.W.2d 275 (1957). But the precise question of whether the delivery of a check prior to service of the writ of garnishment for the purpose of discharging a debt and its payment thereafter in the due course of business extinguishes the debt and defeats the garnishment does not appear to have been heretofore passed on by any Texas court. However, other courts have written on the subject. The general rules expressed and supported by well-reasoned cases collated at 38 C.J.S. Garnishment § 96 are that payment by check suspends the judgment debtor's remedy against the garnishee and, as long as the check is not dishonored, defeats a subsequent garnishment; and the garnishee-drawer of the check released from his control has no duty or obligation to stop payment thereon for the benefit of the garnishor. See also 6 Am Jur 2d, Attachment and Garnishment, § 517. We think these precepts are particularly applicable where, as here, the garnishee is not requested to take any action with respect to the outstanding check.

■■■ Moreover, upon service of the writ of garnishment, the garnishor becomes subrogated to, and may enforce, whatever rights the judgment debtor has, and could have directly enforced, against the garnishee. Beggs v. Fite, 130 Tex. 46, 106 S.W.2d 1039 (1937). But, of course, the garnishor acquires no greater right by service of the writ of garnishment than the judgment debtor would be able to assert and enforce against the garnishee. Pace v. Pierson, 145 S.W.2d 929 (Tex.Civ.App.— Eastland 1940, no writ). In brief, the comprehensive test of liability of the garnishee is whether he could have been sued successfully by the judgment debtor. Becker v. Cooper, 22 S.W.2d 1083 (Tex. Civ.App.—Waco 1929, writ dism'd). Consider, then, relational to these authorities whether, absent any writ of garnishment, Plains Trucking Company, Inc., had made the $4,800.00 check payment as it did, and the Wilson brothers thereafter instituted suit for that sum, claiming it as an indebtedness owed them by the trucking company. Can it be said that the Wilson brothers had any right of recovery? We thir¹.

not. Under their mutual agreement, Plains Trucking Company, Inc., had discharged $4,800.00 of its indebtedness to the Wilson brothers by issuing and mailing the check in payment on a note indebtedness owed by the Wilson brothers. In the absence of any request that the trucking company take steps to countermand its order to pay out its funds, the payment became absolute when the check was paid upon due presentment and related to the date of delivery of the check. The previous relationship of debtor-creditor between the parties with respect to that portion of the indebtedness ceased and terminated, together with any enforceable rights theretofore held by the Wilson brothers.

Therefore, since the Wilson brothers (judgment debtor) had no right respecting the indebtedness discharged by the $4,800.-00 check that could be successfully enforced against Plains Trucking Company, Inc., (garnishee), Pearson Grain Company (garnishor) acquired no greator right by service of its writ of garnishment.

The judgment is affirmed.