**REPUBLICBANK DALLAS, Appellant,**

v.

**The NATIONAL BANK OF DAINGER-FIELD, Pat McGee, Marie McGee, Edwin McGee, and D.A. Hall, Appellees.**

No. 9381.

Court of Appeals of Texas, Texarkana.

Feb. 4, 1986.

Robert S. Leithiser, Leithiser & Palmer, Dallas, for appellant.

Patricia H. Florence, Florence & Florence, Hughes Springs, for appellee Bank of Daingerfield.

Steve Cowan, Daingerfield, for appellees, intervenors McGees and Hall.

BLEIL, Justice.

RepublicBank Dallas appeals from an order dissolving its writ of garnishment against The National Bank of Daingerfield. The central issue is whether the funds in a joint checking account subject to the order of any one of four people can be garnished for the debts of one of them. We find that RepublicBank cannot garnish the funds in the joint account involved in these proceedings because the judgment debtor's ownership interest in the account is no more than bare legal title. Thus the trial court properly dissolved the writ of garnishment.

RepublicBank has a final judgment against Edwin McGee for $3,274.32. Pat and Marie McGee, parents of Edwin McGee, maintained an account in The National Bank. No one else had ever deposited money into the account or withdrawn

money from the account. Pat and Marie McGee added the names of their children, Edwin McGee and D.A. Hall, to the account and to the signature card for the purpose of allowing their children access to the account so that the children could use the funds to take care of the parents if needed. Pat and Marie McGee did not intend to make a gift of the funds to their children.

RepublicBank applied for a writ of garnishment covering this account. The National Bank responded to the garnishment proceedings. Pat and Marie McGee and D.A. Hall intervened, moved to dissolve the writ of garnishment on the basis that the parents were the beneficial owners of all funds in the account, and asked the court to protect their ownership from garnishment. The trial court dissolved the writ of garnishment.

In most jurisdictions, joint bank accounts are vulnerable to seizure by the creditor of any of the depositors, but the creditor's right to seize the funds is limited to the funds in the account that are equitably owned by the debtor and does not extend to funds equitably owned by other parties. *See generally* 11 A.L.R.3d 1465 (1967), and 38 C.J.S. *Garnishment* § 80 (1943). Texas appears to follow this general rule.

Ordinarily, a garnishor becomes subrogated to the rights of his debtor against the garnishee. That is, the garnishor steps into the shoes of his debtor as against the garnishee and may enforce whatever rights the debtor could have enforced had such debtor been suing the garnishee directly. *Beggs v. Fite,* 130 Tex. 46, 106 S.W.2d 1039 (1937); *James Talcott, Inc. v. Valley Federal Savings & Loan Ass'n,* 611 S.W.2d 692 (Tex.Civ.App.-Corpus Christi 1980, no writ). The comprehensive test of the liability of the garnishee is whether he could have been sued successfully by the judgment debtor. *Pearson Grain Co. v. Plains Trucking Co.,* 494 S.W.2d 639 (Tex. Civ.App.-Amarillo 1973, writ ref'd n.r.e.).

Funds placed in a bank ordinarily become general deposits which create a debtor-creditor relationship between the bank and the depositor. *Citizens National Bank of Dallas v. Hill,* 505 S.W.2d 246 (Tex.1974). Had The National Bank refused to honor a withdrawal by Edwin McGee, it could have been successfully sued for that refusal by him; therefore, it appears that under the comprehensive test of the liability of the garnishee, the funds in the account would be subject to garnishment for his debts.

■ However, this comprehensive test is subject to a qualification when it is applied to the garnishment of assets owned by several parties. Even when garnishment is proper under the comprehensive test, assets owned by two or more persons can be reached by garnishment only to the extent of the judgment debtor's ownership interest in the jointly owned asset.

In garnishment cases, equitable title to the property sought to be reached prevails over bare legal title to the property. *Silsbee State Bank v. French Market Grocery Co.,* 103 Tex. 629, 132 S.W. 465 (1910); *Southwest Bank & Trust Co. v. Calmark Asset Management, Inc.,* 694 S.W.2d 199 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); *Smith v. Oak Cliff Bank & Trust Co.,* 99 S.W.2d 1103 (Tex.Civ.App.-Fort Worth 1936, no writ). In *Silsbee,* the Court opined that:

> We do not think ... that it is true, as broadly as it is laid down by some writers, that a garnishing creditor of the depositor is substituted in his stead and can reach the deposit merely because the bank was bound to treat him as owner. *The depositor controls the fund whether he is the true owner or not. The garnishing creditor can reach it only in case he is the true owner.* (Emphasis added.)

Additionally, Tex.Prob.Code Ann. § 438 (Vernon 1980) appears to specifically support the conclusion that Pat and Marie McGee are the owners of the money in this account. It provides that during the lifetime of the parties a joint account belongs to the parties in proportion to the contributions each party has made to the amount on deposit. Tex. Prob. Code Ann. § 437 (Vernon Supp.1986) provides that Section

438 applies concerning ownership between parties to multiple party accounts in controversies between the parties and their creditors.

The trial court's findings of fact establish that the debtor, Edwin McGee, held only bare legal title to the funds in the account and that the equitable interest in the funds was solely and exclusively in Pat and Marie McGee. Although, initially, the trial court properly issued the writ of garnishment on this multiple party account, it correctly dissolved the writ when the extent of the judgment debtor's interest was shown to be no more than bare legal title.

We have reviewed all of RepublicBank's other points of error and find them to be without merit.

The judgment is affirmed.