**EXTERIOR BUILDING SUPPLY, INC., Appellant,**

v.

**BANK OF AMERICA, N.A., Appellee.**

No. 05–07–01324–CV.

Court of Appeals of Texas, Dallas.

Nov. 24, 2008.

Barbara Thompson Hale, Gary W. Blanscet, Blanscet, Sutherland, Hooper & Hale, L.L.P., Addision, F. Leighton Durham, Kirk L. Pittard, Durham & Pittard, LLP, Dallas, for Appellant.

Steven T. Holmes, Hunton & Williams, Dallas, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

This appeal follows the trial court's dissolution of a post-judgment writ of garnishment. In two issues, Exterior Building Supply, Inc., the garnishor, contends the trial court erred in dissolving the writ of garnishment because Exterior did not have to prove ownership of the funds in the garnished accounts to prevent dissolution of the writ and the evidence was legally and factually insufficient to support the trial court's order. We affirm the trial court's dissolution order.

I.

Exterior obtained a final judgment in Florida against "Andrews Roofing Co., LLC" for $407,153.31. It domesticated the

judgment in Texas and filed this garnishment action asserting that the judgment debtor lacked sufficient property in Texas to satisfy the judgment and Bank of America was indebted to the judgment debtor "by reason of one or more bank accounts in the name of Andrews Roofing LLC."

After the garnishment writ issued, Bank of America filed an answer stating that it was "possibly" indebted to the judgment debtor in accounts styled "Andrews Roofing, LLC C/O ELW," "Andrews Roofing, LLC Orlando ELW," and "Andrews Roofing, LLC." On the same day the answer was filed, Andrews Roofing LLC intervened in the garnishment proceeding and filed a motion to dissolve the writ under rule 664a of the Texas Rules of Civil Procedure asserting it was the sole owner of the garnished accounts and a separate and distinct corporate entity from the judgment debtor, Andrews Roofing Co., LLC, which held no interest in the garnished accounts. Andrews further denied it was indebted to Exterior and also asserted it had not been properly served in the garnishment proceeding. After a hearing on September 26, 2007, the trial court signed an order dissolving the garnishment writ. Exterior filed a motion for new trial, which the trial court denied. This appeal followed.

## II.

■ At the outset, we note that the only reporter's record before us is that of the October 5, 2007 hearing on Exterior's motion for new trial. The appellate record does not contain a reporter's record from the September 26, 2007 hearing on the motion to dissolve the writ of garnishment. Without a reporter's record, we cannot reverse a judgment based on arguments that depend on evidence admitted at a hearing. *Farahmand v. Thang Do.*, 153 S.W.3d 601, 602 (Tex.App.-Dallas 2004,

pet. denied). Although both parties acknowledge on appeal that a hearing was held on September 26, there is no indication in the parties' briefs or in the trial court's dissolution order that any evidence was introduced at the hearing. Accordingly, we will presume that the hearing was nonevidentiary and the trial court considered only the evidence on file with the clerk. *See Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 781–83 (Tex.2005).

■ In its first issue, Exterior contends the trial court erred in dissolving the writ because it proved the grounds relied on for issuance of the writ and was not required to prove ownership of the Bank of America accounts to defeat intervenor's motion to dissolve. Rule 664a permits any intervening party claiming an interest in a garnished account to file a motion to dissolve the writ "for any grounds or cause, extrinsic or intrinsic." Tex.R. Civ. P. 664a. Rule 664a also places the burden of proof on the garnishor to establish the grounds for issuance of the writ. In the context of a post-judgment garnishment, this requires the garnishor to prove it has a valid, subsisting judgment and, within its knowledge, the judgment debtor does not possess property in Texas subject to execution sufficient to satisfy the judgment. Rule 664a authorizes the trial court to rule on the motion based on affidavits, if uncontroverted, "setting forth such facts as would be admissible in evidence."

In its sworn motion to dissolve the garnishment writ, Andrews Roofing LLC asserted that it was a separate entity from the judgment debtor, Andrews Roofing Co., LLC, with a separate and distinct employer identification number, officers, directors, and property. The motion further denied that Andrews Roofing LLC was indebted to Exterior. Exterior did not file a written response to the motion to

dissolve and, as noted above, we have no reporter's record of the hearing held on that motion. On appeal, Exterior relies exclusively on the verification of its agent, Rick Napier, that was attached to its amended application for writ of garnishment. The verification indicates that Exterior has a judgment against Andrews Roofing Co., LLC, not Andrews Roofing LLC. Exterior presented no evidence that Andrews Roofing Co., LLC had an interest in the accounts held by Andrews Roofing LLC nor did it present any evidence suggesting that Andrews Roofing Co., LLC and Andrews Roofing LLC were related in any way. Accordingly, the trial court did not err in dissolving the garnishment writ absent any proof that Andrews Roofing LLC was liable for the judgment Exterior had against Andrews Roofing Co., LLC.

■ Even if we assume that Exterior met its burden to prove the grounds for issuance of the writ with the Napier affidavit attached to its amended garnishment application, Andrews Roofing was still entitled to assert independent reasons for dissolving it. *See Walnut Equip. Leasing Co. v. J–V Dirt & Loam*, 907 S.W.2d 912, 917 (Tex.App.-Austin 1995, writ denied). Here, Andrews asserted it was a separate and distinct entity from the judgment debtor and had no liability for the judgment obtained by Exterior. Because Andrews established an independent ground for dissolving the writ, Exterior's proof relating to the issuance of the writ did not preclude dissolution.

In reaching this conclusion, we necessarily reject Exterior's reliance on *Thompson v. Harco Nat. Ins. Co.*, 997 S.W.2d 607 (Tex.App.-Dallas 1998, pet. denied). in which we stated the garnishor does not have to prove the garnishee is indebted to the defendant debtor in a rule 664a hearing. In *Thompson,* the garnishee, Harco National Insurance Company, filed a motion to dissolve the writ asserting Thompson did not have a valid judgment against Henderson (the purported judgment debtor and policyholder). *Id.* at 613. There was no dispute, however, with respect to whether the policyholder Henderson and the purported judgment debtor were one in the same. After a hearing on the motion, the trial court dissolved the garnishment writ and made additional findings of fact that Harco was not indebted to Henderson. *Id.* at 614. We concluded that such findings were "superfluous, premature, and immaterial" because the issue of whether the judgment debtor is indebted to the garnishee is not raised by a motion to dissolve. *Id.* at 624. Unlike *Thompson,* the issue presented in Andrews Roofing's motion to dissolve was not whether Bank of America was indebted to the judgment debtor but whether Andrews Roofing was a distinct entity from the judgment debtor. Because Exterior provided no evidence to refute Andrews Roofing's evidence that the judgment debtor had no interest in the garnished accounts and the accounts were solely the property of a separate and distinct corporate entity, we cannot conclude the trial court erred in dissolving the writ. We resolve Exterior's first issue against it.

■ In its second issue, Exterior contends the evidence was legally and factually insufficient to support the trial court's dissolution of the writ of garnishment. Where, as here, findings of fact were neither requested or filed by the trial court, we imply all facts necessary to support the trial court's ruling. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992). In the absence of findings, we will affirm the trial court's ruling on any available legal theory that finds support in the evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987). A party may challenge the legal and factu-

al sufficiency of implied findings under the same standards that govern challenges to a factfinder's express findings. *See Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex. 1989). In conducting a legal sufficiency review, we must determine whether the evidence would enable the factfinder to reach the determination under review. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). We will not disturb a finding for factual insufficiency unless the evidence in support of the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001).

 In its appellate brief, Exterior acknowledges there is no dispute that the garnished accounts were held by Andrews Roofing LLC. Consequently, the issue before the trial court in the motion to dissolve was whether the intervenor was liable for the judgment Exterior held against an entity with a different name than intervenor. Andrews Roofing denied any liability on the judgment held by Exterior. Exterior provided no evidence to controvert the evidence presented in Andrews Roofing's motion to dissolve.[1] Accordingly, we conclude the evidence was legally and factually sufficient to support the trial court's ruling.

We affirm the trial court's judgment.

---

1. Under its second issue, Exterior refers us to evidence it presented at the October 5 hearing on its motion for new trial. There is no indication this evidence was before the trial court at the time of the September 26 hearing on the motion to dissolve. Furthermore, Exterior has not presented an issue challenging the trial court's ruling on its motion for new trial. Accordingly, we do not consider this evidence in our analysis of the issues properly before us.