**Affirmed and Memorandum Opinion filed August 22, 2019.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00219-CV
NO. 14-18-00253-CV

**WRIGHT W. GORE, JR., Appellant**

**V.**

**PACIFIC WESTERN EQUIPMENT FINANCE, A DIVISION OF PACIFIC WESTERN BANK F/K/A MARQUETTE EQUIPMENT FINANCE, LLC,**
**Appellee**

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 77937-CV, 93938-CV**

## M E M O R A N D U M   O P I N I O N

Appellee Pacific Western Equipment Finance, a division of Pacific Western Bank f/k/a Marquette Equipment Finance, LLC ("Pacific") filed (1) an application for writ of garnishment and (2) an application for turnover and appointment of receiver, seeking to satisfy an outstanding final judgment rendered in a separate suit. The trial court granted Pacific's applications and appellant Wright W. Gore,

Jr. appealed.  For the reasons below, we affirm.

## BACKGROUND

This dispute traces its beginnings to a 2011 master lease agreement signed by lessor Pacific and co-lessees Southern Tri-Star Markets, Ltd. and Southern Tri-Star Markets, II, Ltd. (collectively, "Southern Tri-Star").  Under the terms of the master lease agreement, Southern Tri-Star agreed to remit monthly payments to Pacific in exchange for the use of certain car wash equipment.  Gore signed a separate agreement personally guaranteeing Southern Tri-Star's obligations.

Southern Tri-Star breached the master lease agreement and Gore failed to satisfy its obligations.  Pacific sued Southern Tri-Star, Gore, and another guarantor, and asserted claims predicated on the master lease agreement and the guaranty agreement (the "Lease Lawsuit").  The trial court signed a final judgment in the Lease Lawsuit on May 19, 2015 and awarded Pacific $268,797 in damages as well as attorney's fees, pre- and post-judgment interest, and court costs.  Gore did not appeal the Lease Lawsuit's final judgment.

### Garnishment Proceedings

In October 2017, Pacific filed an application for a post-judgment writ of garnishment against Lynn Klement, the liquidating manager for Western Seafood Company and Western Shellfish Company (collectively, the "Seafood Companies").[1]  Gore and his two brothers owned the Seafood Companies and, under the terms of a separate settlement agreement, Klement was appointed to wind down and liquidate the Companies' assets. The settlement agreement states that, after satisfying the Seafood Companies' outstanding liabilities, Klement would distribute the remaining proceeds to Gore and his brothers (with Gore

---

[1] The garnishment action proceeded in the trial court under cause number 93938-CV and on appeal in cause number 14-18-00253-CV.

receiving a 38% share and his brothers collectively receiving a 62% share). In its application for a writ of garnishment, Pacific sought to collect Gore's share of these asset distributions.

The writ was served on Klement and Klement filed an answer with the trial court stating that he was not indebted to Gore (1) when the writ of garnishment was served on him and (2) when he filed his answer. Pacific filed a response to Klement's answer and the trial court set the writ of garnishment for a hearing.

The day before the garnishment hearing, Gore filed a motion to dismiss Pacific's application based on a lack of jurisdiction, asserting the master lease and guaranty agreements' forum selection clauses required Pacific to bring the action in a Utah court. During the garnishment hearing, Gore filed a separate motion to dissolve the writ of garnishment contending that (1) Pacific failed to properly serve Gore; (2) collateral was available to satisfy Gore's debt; and (3) Klement did not possess any property belonging to Gore that would be subject to garnishment.

After the garnishment hearing, the trial court denied Gore's motions and signed a final judgment on March 5, 2018. The trial court's final judgment ordered Pacific to recover $89,960 from Klement in his role as liquidating manager of the Seafood Companies to satisfy the 2015 final judgment in the Lease Lawsuit. Gore timely appealed.

### Turnover Proceedings

In addition to the writ of garnishment, Pacific also filed an application for post-judgment turnover and appointment of receiver which sought the trial court's assistance in satisfying the 2015 final judgment in the Lease Lawsuit. Pacific's turnover application requested (1) turnover of Gore's non-exempt assets; (2) appointment of a receiver for Gore's interest in the Seafood Companies; and

3

(3) attorney's fees.[2] The trial court scheduled a hearing on Pacific's turnover application.

The morning of the hearing, Gore filed a plea to the jurisdiction asserting the trial court lacked subject matter jurisdiction because the master lease and guaranty agreements' forum selection clauses required Pacific to bring the action in a Utah court.

The trial court denied Gore's plea to the jurisdiction and signed a separate turnover order on March 5, 2018 ordering (1) Klement to deliver Gore's rights to receive future distributions from the Seafood Companies' liquidation; (2) Gore to deliver all stock certificates he possessed in the Seafood Companies and an affiliated entity, Southern Restaurants, Inc. to the Brazoria County Sheriff for execution sale; and (3) Pacific to recover from Gore $8,000 in attorney's fees. Gore timely appealed.

## ANALYSIS

In two briefs, Gore raises eight issues challenging the garnishment proceeding's final judgment and the turnover order. Gore asserts the following challenges with respect to the garnishment proceeding:

1. Pacific failed to effectuate proper service;
2. the trial court erred by ordering Pacific to recover $89,960 from Klement in his role as the Seafood Companies' liquidating manager; and
3. Pacific failed to properly dispose of the master lease agreement's collateral in a commercially-reasonable manner.

Gore's remaining issues contend the master lease and guaranty agreements' forum selection clauses deprived the trial court of jurisdiction in both the garnishment and

[2] The application for turnover proceeded in the trial court under cause number 77937-CV and on appeal in cause number 14-18-00219-CV.

4

turnover actions. Gore also asserts the agreements' forum selection clauses required the application of Utah law in the turnover proceeding.

We address these issues below.

## I. Pacific Effected Proper Service in the Garnishment Proceeding.

Pacific served notice of the writ of garnishment by certified mail addressed to Gore's residence, return receipt requested, and Gore's wife signed the certified mail card. Gore argues this does not constitute proper service because the applicable rule "does not allow service by certified mail on the wife of a judgment debtor."

Gore raised this issue in his motion to dissolve the writ of garnishment. At the garnishment hearing, Pacific offered into evidence (1) the original green card that accompanied the notice of the writ of garnishment and (2) a copy of the documents served with the notice (including the writ and Pacific's application). The green card was addressed to Gore, was signed by Gore's wife, Beth Gore, and was dated November 6, 2017. The notice includes a "certificate of service" stating that it was served on Gore via certified mail, return receipt requested. After this evidence was admitted, the trial court overruled Gore's challenge.

We review a trial court's ruling on a motion to dissolve a writ of garnishment for an abuse of discretion. *Jacobs v. Jacobs*, 448 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A trial court abuses its discretion if it acts without reference to guiding rules and principles or in an arbitrary or unreasonable manner. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam). The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Where, as here, no findings of fact or conclusions of law were requested or filed, we determine whether some

5

evidence supports the trial court's implied findings of fact with respect to Pacific's compliance with the applicable service rules. *See, e.g., Jacobs*, 448 S.W.3d at 631.

Rule 663a provides that the defendant debtor in a garnishment proceeding shall be served with the following documents in any manner prescribed for service of citation or as provided in Rule 21a: (1) a copy of the writ of garnishment, (2) the application, (3) accompanying affidavits, and (4) orders of the court. Tex. R. Civ. P. 633a (citing Tex. R. Civ. P. 21a). Rule 21a permits service (other than those filed and served electronically) "in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." Tex. R. Civ. P. 21a; *see also Jacobs*, 448 S.W.3d at 632. Rule 21a states that service by mail is complete "upon deposit of the document, postpaid and properly addressed, in the mail . . . ." Tex. R. Civ. P. 21a; *see also In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009).

Compliance with the rules governing service on the defendant debtor in a garnishment proceeding "does not necessarily require proof of actual acceptance of service by the debtor." *Jacobs*, 448 S.W.3d at 633-34. Instead, these rules require the defendant be served in any manner provided by Rule 21a. *Id*. at 634.

A certificate by an attorney showing service or a certified mail return receipt constitutes prima facie proof that service was proper. *See* Tex. R. Civ. P. 21a(e); *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam). The presumption of proper service may be rebutted by introducing opposing evidence showing the mailing was not received. *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Gore asserts service was improper because his wife signed the green card, but he does not cite any authority to support this argument. Contrary to Gore's challenge, Rule 21a does not require proof that the debtor actually accepted the

6

service — rather, Rule 21a provides that service is complete upon deposit of the document in the mail. *See* Tex. R. Civ. P. 21a; *Jacobs*, 448 S.W.3d at 633-34. The green card and the "certificate of service" contained on the notice satisfy this standard and show proper "deposit of the document, postpaid and properly addressed, in the mail. . . ." *See* Tex. R. Civ. P. 21a(b)(1). To rebut the presumption of proper service, Gore could have introduced evidence showing that he did not receive the mailing even though his wife signed for it. *See* *Approximately $14,980.00*, 261 S.W.3d at 186. He presented no such evidence. The trial court's decision therefore is supported by evidence of a substantive and probative character. *See Butnaru*, 84 S.W.3d at 211.

Here, the trial court did not abuse its discretion by overruling Gore's challenge regarding proper service. The green card and the "certificate of service" contained on the notice show that notice of the writ of garnishment was mailed to Gore at his residential address. This evidence constitutes prima facie proof that service was proper. *See* Tex. R. Civ. P. 21a(e); *Mathis*, 166 S.W.3d at 745. Gore did not rebut this presumption and did not introduce any evidence showing that he did not receive the mailing.

We overrule Gore's first issue.

## II. Legally Sufficient Evidence Supports the Trial Court's Final Judgment in the Garnishment Proceeding.

In the garnishment proceeding's final judgment, the trial court stated:

- The 2015 final judgment in the Lease Lawsuit remained due and unsatisfied; and

- Klement was indebted to Gore in the amount of $95,000 on November 2, 2017.

The trial court's final judgment ordered that (1) $5,040 be deducted from the $95,000 to satisfy Klement's attorney's fees incurred in the underlying proceeding;

and (2) Pacific recover the remaining $89,960 from Klement in his capacity as the Seafood Companies' liquidating manager.

Challenging this judgment, Gore argues there was no evidence that Klement was indebted to Gore (1) on the date Klement was served with the writ of garnishment, and (2) on the date Klement filed his answer to the writ.

## A.    Governing Law and Standards of Review

Garnishment is a statutory proceeding that allows the property, money, or credits of a debtor in the possession of another to be applied to the payment of a debt. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 63.001-.008 (Vernon 2008) and Tex. R. Civ. P. 657-679; *see also Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992) (per curiam). "'The only real issue in a garnishment action is whether the garnishee is indebted to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer.'" *24/7 Grill, LLC v. Clark*, No. 14-13-00099-CV, 2014 WL 1410210, at *2 (Tex. App.—Houston [14th Dist.] Apr. 10, 2014, pet. denied) (mem. op.) (quoting *Baytown State Bank v. Nimmons*, 904 S.W.2d 902, 905 (Tex. App.—Houston [1st Dist.] 1995, writ denied)).

Controverted issues in a garnishment proceeding may be tried as in other civil cases. *See* Tex. R. Civ. P. 674; *24/7 Grill, LLC*, 2014 WL 1410210, at *2. Likewise, on appeal from a garnishment action tried to the bench, the parties may challenge the legal sufficiency of the evidence to support the trial court's findings. *See HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 112 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We apply the same standards for reviewing the sufficiency of the evidence of a trial court's findings that we use for reviewing a jury's findings. *Id.*; *see also 24/7 Grill, LLC*, 2014 WL 1410210, at

8

*2. Where, as here, findings of fact were not requested or filed, we infer all findings necessary to support the trial court's judgment. *See Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam); *see, e.g., Exterior Bldg. Supply, Inc. v. Bank of Am., N.A.*, 270 S.W.3d 769, 772-73 (Tex. App.—Dallas 2008, no pet.).

Because Gore is attacking the legal sufficiency of the evidence supporting an adverse finding on an issue for which he did not have the burden of proof, Gore must show that no evidence supports the trial court's adverse finding. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). Evidence is legally sufficient if it would permit reasonable and fair-minded people to reach the finding under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could do so and we disregard contrary evidence unless a reasonable fact finder could not do so. *Id*.

**B. Application**

We begin with a review of the evidence and testimony at the garnishment hearing.

Pacific introduced into evidence the 2015 final judgment in the Lease Lawsuit, which ordered that Pacific recover $268,797 in damages as well as attorney's fees, pre- and post-judgment interest, and court costs from the defendants (including Gore), jointly and severally. Pacific called its executive vice president as a witness and he testified that the 2015 final judgment was owned by Pacific and that no amount had been paid towards the judgment.

Pacific also called Klement as a witness. Klement testified that he was appointed by the trial court to serve as the Seafood Companies' liquidating manager. Klement stated that he had been disposing of the Seafood Companies'

9

assets, using those funds to pay the Companies' creditors, and distributing the remaining funds to Gore and his two brothers. Klement stated that, under the terms of the applicable settlement agreement, Gore was entitled to a 38% share of the distributions.

Admitted into evidence during Klement's testimony was an email sent on November 1, 2017 from Klement to Gore, Gore's brothers, and the brothers' attorney. The email states:

> Wright Gore, through his attorney, requested a distribution of $300,000.00 of the remaining funds.
>
> I currently have on hand approximately $345,000.00.
>
> There is a proposed settlement of the personal injury case filed against Western Seafood arising out of the injury of a seaman on one of the boats.
>
> In addition I am sure there are outstanding attorney's fees for that case. [I]n order to maintain adequate funds on hand I propose to distribute $250,000.00 on the same proportionate basis as past distributions.
>
> If there is any opposition let me know ASAP.
>
> Otherwise I intend to make the distribution on Friday.

The email is signed "Lynn Klement." Klement testified that he was served with Pacific's writ of garnishment on November 2, 2017, the day after sending the proposed distribution email. Klement stated that he chose not to proceed with the distribution "until [he] had further directions from Court."

We conclude that legally sufficient evidence supports the trial court's findings regarding the debt Klement owed Gore. Gore specifically challenges the findings necessary to support the ordered garnishment — that the garnishee was indebted to the judgment debtor at the time of service of the writ and at the time the garnishee filed his answer. *See 24/7 Grill, LLC*, 2014 WL 1410210, at *2.

10

Here, the evidence shows:

- The 2015 final judgment in the Lease Lawsuit entitled Pacific to recover from Gore and other defendants, jointly and severally, $268,797 in damages.

- Klement was the court-appointed liquidating manager for the Seafood Companies. In that capacity, Klement disposed of the Seafood Companies' assets and distributed the funds received to the Companies' creditors and to Gore and his two brothers. Klement stated that Gore was entitled to a 38% share of the distributions.

- Klement acknowledged (and his November 1, 2017 email showed) that he planned to make a $250,000 disbursement of the Seafood Companies' assets to Gore and his brothers.

- Klement testified that Gore would be entitled to 38% of this distribution, which equals $95,000.

- The writ of garnishment was served on Klement on November 2, 2017, and Klement filed his answer on November 21, 2017.

- Klement chose to delay the distribution until he received direction from the trial court with respect to the writ of garnishment.

This evidence would permit a reasonable and fair-minded fact finder to reach the challenged findings, namely, that Klement was indebted to Gore on the date the writ of garnishment was served and on the date Klement filed his answer. *See City of Keller*, 168 S.W.3d at 827; *24/7 Grill, LLC*, 2014 WL 1410210, at *2.

We overrule Gore's second issue.

### III. Challenging the Disposition of the Master Lease Agreement's Collateral is an Impermissible Collateral Attack on the Lease Lawsuit's Final Judgment.

In his motion to dissolve the writ of garnishment, Gore asserted that Pacific failed to dispose of the collateral car wash equipment in a commercially reasonable manner. Raising this issue on appeal, Gore contends this alleged failure required the trial court to dismiss the garnishment action. We review a trial court's ruling

11

on a motion to dissolve a writ of garnishment for an abuse of discretion. *Jacobs*, 448 S.W.3d at 631.

Here, Gore's challenge to the disposition of the car wash equipment is premised on the master lease and guaranty agreements. These agreements and the parties' rights and liabilities thereunder were litigated in the Lease Lawsuit. Accordingly, we construe Gore's argument as a collateral attack on the judgment on which the underlying garnishment was based, namely, the 2015 final judgment in the Lease Lawsuit. *See, e.g., Glassman v. Goodfriend*, 347 S.W.3d 772, 778 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

"The judgment of a court of general jurisdiction is not subject to collateral attack except on the ground that it had no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court." *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973); *see also Glassman*, 347 S.W.3d at 778-79. All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors may be corrected only through a direct appeal. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). If a judgment is merely voidable, it may not be collaterally attacked. *Id*. at 271-72.

Gore's challenge regarding the disposition of the master lease agreement's collateral is not premised on the Lease Lawsuit's final judgment being void for lack of jurisdiction; rather, Gore is attacking the underlying merits of the final judgment. This challenge constitutes an impermissible collateral attack on the 2015 final judgment. *See PNS Stores, Inc.*, 379 S.W.3d at 272; *Glassman*, 347 S.W.3d at 778-79. The trial court therefore did not abuse its discretion in overruling Gore's motion to dissolve the writ of garnishment. *See Jacobs*, 448 S.W.3d at 631.

12

We overrule Gore's challenge to the disposition of the master lease agreement's collateral.

**IV.    The Master Lease and Guaranty Agreements' Forum Selection Clauses Did Not Deprive the Trial Court of Jurisdiction.**

Four of Gore's eight issues on appeal challenge the trial court's jurisdiction based on the master lease and guaranty agreements' forum selection clauses.[3] The master lease agreement contains the following clause:

> Governing Law; Waiver of Trial by Jury.  THIS LEASE (AS DEFINED IN THE EXHIBIT A HERETO) SHALL IN ALL RESPECTS BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF UTAH, INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE.  THE PARTIES AGREE TO SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE STATE OF UTAH; ANY SUIT OR OTHER PROCEEDING BROUGHT BY EITHER PARTY TO ENFORCE OR CONSTRUE THIS LEASE (AS DEFINED IN THE EXHIBIT A HERETO), OR TO DETERMINE MATTERS RELATING TO THE PROPERTY OR THE RELATIONSHIP BETWEEN THE PARTIES HERETO SHALL BE BROUGHT ONLY IN THE STATE OR FEDERAL COURTS IN THE STATE OF UTAH.  THIS LEASE WAS EXECUTED IN THE STATE OF UTAH (BY THE LESSOR HAVING COUNTERSIGNED IT IN UTAH) AND IS TO BE PERFORMED IN THE STATE OF UTAH (BY REASON OF ONE OF MORE PAYMENTS REQUIRED TO BE MADE TO LESSOR IN UTAH).  LESSOR AND LESSEE HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OR ANY MATTERS ARISING OUT OF THE LEASE

---

[3] Specifically, Gore raises the following three issues challenging the garnishment proceeding:  (1) the trial court erred in not dismissing the writ of garnishment because the agreements' forum selection clauses required the action be brought in Utah; (2) the trial court erred in overruling Gore's plea to the jurisdiction because the agreements conferred exclusive jurisdiction on Utah's courts; and (3) the Utah Supreme Court previously has held that an action may be brought in violation of a forum selection clause only if the plaintiff proves there was an acceptable reason for the clause's non-enforcement.  The fourth issue arises with respect to the turnover proceeding, where Gore asserts the trial court "had no jurisdiction to do anything except to dismiss the case for lack of jurisdiction."

13

OR PROPERTY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN LESSOR AND LESSEE.

The guaranty agreement contains the following provision:

> Applicable Law; Costs of Enforcement. Guarantor agrees that this Guaranty shall be governed by and construed in accordance with the substantive law of the state of Utah and that the exclusive jurisdiction of any dispute shall be in the Utah state or federal courts. Guarantor submits itself to such jurisdiction.

Gore asserts these forum selection clauses deprived the trial court of jurisdiction in the garnishment and turnover proceedings. In the garnishment proceeding, Gore raised this issue in a motion to dismiss for lack of jurisdiction; in the turnover proceeding, Gore asserted the issue in a plea to the jurisdiction. The trial court overruled Gore's motion and plea.

"A motion to dismiss based on lack of subject matter jurisdiction is the functional equivalent of a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action." *Smalley v. Smalley*, 436 S.W.3d 801, 805 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We therefore review the trial court's rulings on Gore's plea and motion *de novo*. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Smalley*, 436 S.W.3d at 805.

We overrule Gore's jurisdictional challenges based on the master lease and guaranty agreements' forum selection clauses. A "common-sense examination of the substance" of Pacific's claims shows the clauses are not applicable to the underlying proceedings. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677-78 (Tex. 2009) (orig. proceeding) (per curiam). Pacific initiated the underlying proceedings by filing (1) an application for post-judgment writ of garnishment against Klement and (2) an application for post-judgment turnover and

14

appointment of receiver. These applications stated relief was sought to satisfy the 2015 final judgment rendered in the Lease Lawsuit. These applications did not invoke the master lease and guaranty agreements and neither proceeding adjudicated the parties' rights and liabilities under the agreements — rather, these issues previously were litigated in the Lease Lawsuit. Because the garnishment and turnover proceedings were based solely on a liability owed pursuant to the 2015 final judgment in the Lease Lawsuit, Gore cannot invoke the master lease and guaranty agreements' forum selection clauses to secure a dismissal. *See id*.; *cf. In re Weekley Homes, L.P.*, 180 S.W.3d 127, 131-32 (Tex. 2005) (orig. proceeding).

We overrule Gore's jurisdictional challenges to the underlying proceedings.

**V.    Gore Waived his Choice-of-Law Issue.**

In his final issue, Gore asserts the trial court erred by "ordering a turnover order without regard to the laws of the state of Utah which had been selected by the parties in the written agreements between them." Gore did not raise this issue in the trial court.

A choice-of-law provision does not implicate the trial court's subject matter jurisdiction and may be waived. *See, e.g., DaimlerChrysler Motors Co. v. Manuel*, 362 S.W.3d 160, 196-97 (Tex. App.—Fort Worth 2012, no pet.); *Entergy Gulf States, Inc. v. Pub. Util. Comm'n of Tex.*, 173 S.W.3d 199, 210 (Tex. App.—Austin 2005, pet. denied). By failing to raise this issue in the trial court, Gore did not preserve it for our review. *See DaimlerChrysler Motors Co.*, 362 S.W.3d at 196-97; *Entergy Gulf States, Inc.*, 173 S.W.3d at 210. Moreover, like the jurisdictional challenges discussed above, Gore's choice-of-law challenge relies on the master lease and guaranty agreements, which are outside the scope of the underlying proceedings.

15

We overrule Gore's choice-of-law issue.

## CONCLUSION

We overrule Gore's issues on appeal and affirm both the trial court's March 5, 2018 final judgment in the garnishment proceeding and its March 5, 2018 order in the turnover proceeding.


/s/    Meagan Hassan
Justice


Panel consists of Justices Wise, Jewell, and Hassan.

16