**AFFIRMED and Opinion Filed September 27, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00916-CV

**PIE FIVE PIZZA COMPANY, INC., Appellant**
**V.**
**JPMORGAN CHASE BANK, N.A., NADIRSHAH LALANI,**
**AND NAUSHAD LALANI, Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02986-2023**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

Pie Five Pizza Company, Inc. appeals the trial court's order dissolving a writ

of garnishment it obtained in an effort to collect on its judgment against Nadirshah

Lalani. Because we conclude the trial court properly dissolved the writ, we affirm

the trial court's order.

## Background

Pie Five is a national franchisor of fast-casual pizza restaurants. In 2020, the

company filed suit against several of its franchisees and their guarantors including

Nadirshah. A final judgment was rendered in favor of Pie Five on April 20, 2022. The total amount owed by Nadirshah pursuant to that judgment was $55,696.50.

Post-judgment discovery revealed a bank account at JPMorgan Chase Bank, N.A. held jointly by Nadirshah and his son, Naushad Lalani. Pie Five filed an application for a writ of garnishment for the account naming itself as garnishor, JPMorgan as garnishee, and Nadirshah as the judgment debtor. The application was supported by a copy of the judgment and an affidavit by Pie Five's general counsel establishing the required elements for issuance of the writ. The writ issued on June 13, 2023, and JP Morgan filed its answer on July 21 acknowledging an indebtedness to Nadirshah of $68,313.37.

On August 3, Naushad filed a plea in intervention and motion to dissolve the writ of garnishment asserting, among other things, that all the funds in the JPMorgan account were his alone and came solely from his wages and investments. Pie Five did not file a response. At the hearing on the motion, Naushad introduced into evidence bank statements from December 2018 to May 2023 showing the money deposited into and withdrawn from the account. Naushad testified he opened the account with his father when he was sixteen years old, and all the money in the account was from the wages he had earned since that time. Naushad stated his father had occasionally borrowed money from the account, but had always paid the money back. After hearing the evidence, the trial court granted Naushad's motion and dissolved the writ.

## Analysis

In its sole issue, Pie Five contends the trial court erred in dissolving the writ of garnishment because the statutory requirements for its issuance were met. We review a trial court's ruling on a motion to dissolve a writ of garnishment for an abuse of discretion. *Hagan v. Pennington*, No. 05-20-00269-CV, 2021 WL 3721297, at *2 (Tex. App.—Dallas Aug. 23, 2021, no pet.) (mem. op.). The trial court abuses its discretion if it fails to analyze or apply the law correctly. *Id.*

Pie Five argues that the ownership or source of funds in an account is not a proper ground to dissolve a writ under Texas law. This Court rejected a substantively identical argument in *Exterior Building Supply, Inc. v. Bank of America, N.A.*, 270 S.W.3d 769, 771–72 (Tex. App.—Dallas 2008, no pet.). Rule 664a of the Texas Rules of Civil Procedure allows an intervening party claiming an interest in a garnished account to move to dissolve the writ "for any grounds or cause, extrinsic or intrinsic." TEX. R. CIV. P. 664a. Even assuming Pie Five met its burden to show the writ was properly issued, this does not preclude its dissolution on the ground that the garnished funds do not belong to the judgment debtor. *See Exterior Bldg.*, 270 S.W.3d at 772; *see also RepublicBank Dallas v. Nat'l Bank of Daingerfield*, 705 S.W.2d 310, 311–12 (Tex. App.—Texarkana 1986, no writ).

A creditor's ability to garnish a joint bank account is limited to the funds in the account that are equitably owned by the debtor and does not extend to funds that are equitably owned by other parties. *RepublicBank*, 705 S.W.2d at 311. Equitable

ownership prevails over bare legal title. *Id*. The amount of each party's equitable ownership is measured by the contributions they have made to the amount on deposit. *Id*.; *see also Molthan v. Cornell*, No. 05-21-00679-CV, 2022 WL 3593286, at *2 (Tex. App.—Dallas Aug. 23, 2022, no pet.) (mem. op.).

Pie Five relies on our opinion in *Tarter v. Akin & McMullen, P.C.*, No. 05-90-01563-CV, 1991 WL 284467 (Tex. App.—Dallas Dec. 20, 1991, no writ) (mem. op., not designated for publication) for the proposition that proof it met the statutory requirements for issuance of the writ of garnishment was sufficient to defeat the motion to dissolve. In *Tarter*, a husband and wife appealed from a judgment denying them recovery on their claim for wrongful garnishment. *Id*. at *1. The Tarters argued that the pre-judgment garnishment of their joint bank account was wrongful because the wife did not sign the contract made the basis of the lawsuit against them. *Id*. at *5. We concluded garnishment of the joint account was proper not, as Pie Five argues, because the statutory requirements for its issuance had been met, but because the wife was liable as a party to the contract under the theory of agency, and thus her funds were subject to garnishment along with her husband's. *Id*.

In this case, Naushad presented uncontroverted evidence that he contributed all of the funds in the garnished account, making him the equitable owner of the account in its entirety. Pie Five makes no argument that Naushad is liable as a debtor on the judgment along with his father. Because Nadirshah has only bare title rather than equitable ownership of the money in the account, we conclude the trial court

–4–

properly granted Naushad's motion to dissolve the writ. *See RepublicBank*, 705 S.W.2d at 311.

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

230916F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PIE FIVE PIZZA COMPANY, INC.,
Appellant

No. 05-23-00916-CV     V.

JPMORGAN CHASE BANK, N.A.,
NADIRSHAH LALANI, AND
NAUSHAD LALANI, Appellees

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-02986-
2023.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

In accordance with this Court's opinion of this date, the order of the trial court dissolving the writ of garnishment is **AFFIRMED**.

It is **ORDERED** that appellees JPMORGAN CHASE BANK, N.A., NADIRSHAH LALANI, AND NAUSHAD LALANI recover their costs of this appeal from appellant PIE FIVE PIZZA COMPANY, INC.

Judgment entered September 27, 2024